# 14-          -cv

## United States Court of Appeals

*for the*

## Second Circuit

SILVIA SEIJAS, ET AL.,

*Plaintiffs-Appellees,*

— v. —

THE REPUBLIC OF ARGENTINA,

*Defendant-Appellant.*

ON PETITION TO APPEAL FROM AN ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
GRANTING CLASS CERTIFICATION, No. 04 Civ. 400 (TPG)

**THE REPUBLIC OF ARGENTINA'S PETITION PURSUANT TO FED. R.
CIV. P. 23(f) FOR LEAVE TO APPEAL FROM THE DISTRICT COURT'S
ORDER GRANTING CLASS CERTIFICATION**

*Of Counsel:*
Jonathan I. Blackman
Carmine D. Boccuzzi
Daniel J. Northrop

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*Attorneys for Defendant-Appellant*
One Liberty Plaza
New York, New York 10006
(212) 225-2000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................1

QUESTIONS PRESENTED .................................................................4

STATEMENT OF THE CASE..............................................................4

REASONS FOR GRANTING THE PETITION .....................................7

I.  THE CLASS CERTIFICATION ORDERS WRONGLY
    INTERPRET RULE 23(c)(1)(C) TO TRUMP THE MANDATE
    RULE ......................................................................................9

II. A CLASS WHOSE MEMBERSHIP IS INDETERMINABLE
    VIOLATES THE REQUIREMENT OF ASCERTAINABILITY
    AND THE DUE PROCESS RIGHTS OF ABSENT CLASS
    MEMBERS ..............................................................................13

    A.   Plaintiffs' Classes Are Unascertainable ............................13

    B.   The Classes Now Certified Violate Class Members' Due
         Process Rights ..................................................................15

III. THE CLASS CERTIFICATION ORDERS IMPERMISSIBLY
     EXPAND THE CLASSES AFTER THE DISTRICT COURT
     DETERMINED LIABILITY IN VIOLATION OF THE RULE
     AGAINST ONE-WAY INTERVENTION .................................16

CONCLUSION ...............................................................................20

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Am. Pipe & Const. Co. v. Utah*,
414 U.S. 538 (1974) ...................................................................................   17

*Bakalar v. Vavra*,
237 F.R.D. 59 (S.D.N.Y. 2006) ................................................................ 12, 13, 14

*Brecher v. Republic of Argentina*,
No. 06 Civ. 15297 (TPG), 2009 WL 857480 (S.D.N.Y Mar. 29, 2009) ........   14

*Deposit Guar. Nat. Bank. V. Roper*,
445 U.S. 326 (1980) ...................................................................................   19

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ...................................................................................   16

*Escott v. BarChris Const. Corp.*,
283 F. Supp. 643 (S.D.N.Y. 1968) .............................................................   18

*Gene & Gene, L.L.C. v. Biopay, L.L.C.*,
624 F.3d 698 (5th Cir. 2010) ......................................................................   11

*Gonzalez v. Hasty*,
No. 05 Civ. 6076 (RMB), 2012 WL 1711136 (S.D.N.Y. May 11, 2012) ......   10

*H.W. Urban GmbH v. Republic of Argentina*,
No. 02 Civ. 5699 (TPG), 2003 WL 23105392 (S.D.N.Y. Dec. 30, 2003) .....   14

*H.W. Urban GmbH v. Republic of Argentina*,
No. 02 Civ. 5699 (TPG), 2004 WL 307293 (S.D.N.Y. Feb. 17, 2004) ..........   7

*Hecht v. United Collection Bureau*,
691 F.3d 218 (2d Cir. 2012)........................................................................   15

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004)..........................................................................   7-8

*Hickory Secs. Ltd. v. Republic of Argentina*,
493 F. App'x 156 (2d Cir. 2012) .................................................................. *passim*

**Page(s)**

*In re Fosamax Products Liab. Litig.*,
248 F.R.D. 389 (S.D.N.Y. 2008) ..................................................... 13, 14

*In re Initial Public Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006) ................................................................. 13

*In re J.P. Morgan Chase Cash Balance Litig.*,
255 F.R.D. 130 (S.D.N.Y. 2009) ........................................................ 18

*In re Sears Roebuck & Co. Tools Mktg. & Sales Practice Litig.*,
MDL No. 1073, 2007 WL 4287511 (N.D. Ill. Dec. 4, 2007) ....................... 13

*In re Sumitomo Copper Litig.*,
262 F.3d 134 (2d Cir. 2001) ............................................................. 8, 9

*In re Vivendi Universal, S.A. Sec. Litig.*,
284 F.R.D. 144 (S.D.N.Y. 2012) ........................................................ 18

*Isaacs v. Sprint Corp.*,
261 F.3d 679 (7th Cir. 2001) ......................................................... 17-18

*Kilgo v. Bowman Transp., Inc.*,
798 F.2d 859 (11th Cir. 1986) ........................................................... 18

*Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*,
483 F.3d 70 (2d Cir. 2007) ............................................................... 11

*Phillip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*,
214 F.3d 132 (2d Cir. 2000) ........................................................ 17, 19

*Prado-Steiman v. Bush*,
221 F.3d 1266 (11th Cir. 2000) .......................................................... 9

*Seijas v. Republic of Argentina*,
606 F.3d 53 (2d Cir. 2010) ............................................................. 4-5

*United States v. Bell*,
5 F.3d 64 (4th Cir. 1993) ................................................................. 12

*United States v. Ben Zvi*,
242 F.3d 89 (2d Cir. 2001) .......................................................... 9-10, 12

iii

**Page(s)**

*United States v. Stanley*,
54 F.3d 103 (2d Cir. 1995)........................................................... 10, 12

*Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*,
948 F.2d 1436 (5th Cir. 1991) .......................................... 10

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
208 F.3d 288 (1st Cir. 2000)........................................... 8-9

*Weiner v. Snapple Beverage Corp.*,
No. 07 Civ. 8742 (DLC), 2010 U.S. Dist. LEXIS 79647
(S.D.N.Y. Aug. 3, 2010) ................................................. 13

**Rules and Statutes**

28 U.S.C. § 2072 ............................................................ 17

Fed. R. Civ. P. 23(c)(1)(C) 2003 Advisory Committee Notes ..................... 18-19

Fed. R. Civ. P. 23(c)(2)(B) ............................................. 15

Fed. R. Civ. P. 23(f) 1998 Advisory Committee's Notes.......................... 7-8

**Other Authorities**

1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 4:2 (10th ed.
2013) .................................................................... 14

1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 5:78 (10th ed.
2013) ................................................................... 15-16

7AA Charles Alan Wright et al., *Federal Practice And Procedure Civil* §
1785.4 (3d ed. 2005) .................................................... 15-16

18B Charles Alan Wright et al., *Federal Practice & Procedure Jurisdiction*
§ 4478.3 (2d ed. 1986) .................................................. 10

iv

## PRELIMINARY STATEMENT

Defendant the Republic of Argentina (the "Republic") respectfully requests permission pursuant to Federal Rule of Civil Procedure 23(f) and Federal Rule of Appellate Procedure 5(a) to appeal the orders of the United States District Court for the Southern District of New York (Griesa, J.), dated April 24, 2014, certifying eight class actions under Federal Rule of Civil Procedure 23(b)(3) that are defined in a way that violates fundamental tenets of Rule 23.  Ex. A-H.[1]

The district court first certified classes in these cases on August 10, 2005.  The classes were defined to include all holders of beneficial interests in certain series of Republic bonds who held such interests continuously from the filing of the complaint to the entry of final judgment ("continuous holders").  After two appeals and nearly a decade of litigation during which the Court *twice* vacated inflated aggregate judgments proposed by plaintiffs and entered by the district court, the Court gave plaintiffs one final chance to offer a "reasonably accurate, non-speculative estimate" of class-wide aggregate damages.  *Hickory Secs. Ltd. v. Republic of Argentina*, 493 F. App'x 156, 160 (2d Cir. 2012) (summary order) ("*Seijas II*").  Otherwise, the Court held, plaintiffs must prove damages on an "individual basis."  *Id.*

---

[1] The Republic has submitted a petition for permission to appeal each of the eight substantively-identical orders entered by the district court on April 24, 2014.  For the Court's convenience, the eight orders are attached to each petition.

Notwithstanding this clear mandate, and tacitly conceding that accurately calculating aggregate judgments is impossible, plaintiffs refused to follow the procedure mandated by this Court.  Instead, plaintiffs moved the district court to start all over again, throw out the "continuous holder" class definition that governed these cases for the last nine years, and certify new classes consisting of all holders of the relevant bond series *on* the date of judgment ("judgment day holders").  The district court certified plaintiffs' new proposed classes on April 24, 2014.

The certification orders' unprecedented class definitions and the procedural posture in which they were certified raise three legal questions that are fundamental to the law of class actions and warrant immediate resolution by this Court.

*First*, the orders impermissibly "modify" the class definition under the purported authority of Federal Rule of Civil Procedure 23(c)(1)(C), in violation of this Court's explicit mandate and instructions.  By construing Rule 23(c)(1)(C) as trumping the mandate rule, the orders raise a novel question concerning the scope of a district court's authority over class actions that have been the subject of prior appellate rulings requiring actions on remand that the district court failed to perform.

*Second*, the district court's modification of the class definition—made following plaintiffs' concession that they could not provide an accurate aggregate damages calculation that would take account of secondary trading in the bonds, as required by this Court—has resulted in the certification of classes whose membership will be entirely amorphous and unascertainable.  Indeed, prior to the certification orders, no court had ever certified a class of holders of freely-negotiable securities—let alone securities that are actively traded—defined solely by who holds the interest on the date of final judgment.  That is undoubtedly because it is impossible under such a definition for anyone—the defendant, the courts, absent class members, or the plaintiff class representatives—to even purport to identify a single member of the class until the moment final judgment is entered (with class "membership" changing even after final judgment as secondary trading continues in the bonds).

*Third*, the new class definition violates the basic class action rule against one-way intervention.  By permitting new class members to enter the litigation (or not) after the district court has reached a class-wide liability determination on the merits, potential class members have the unilateral opportunity to determine, after the fact, whether to be bound by that determination.  The 1966 amendments to Rule 23 were expressly designed to prevent this result.

3

For each of these reasons, the Court should exercise its discretion and grant the Republic's petition for permission to appeal under Rule 23(f) of the Federal Rules of Civil Procedure.

## QUESTIONS PRESENTED

1.      Whether a district court's authority to "modify" a class definition under Rule 23(c)(1)(C) permits a district court to certify new classes to avoid conducting proceedings expressly mandated by a court of appeals in the same action.

2.      Whether the requirements of ascertainability, due process, and the notice provisions of Rule 23 permit the certification of a class whose membership cannot be—by definition—determined during the litigation.

3.      Whether permitting the expansion of a class to include new members after a finding of class-wide liability violates the rule against one-way intervention codified in Rule 23(c).

## STATEMENT OF THE CASE

This petition concerns certification orders entered by the district court on April 24, 2014, at the behest of class representatives that hold beneficial interests in eight series of Republic securities on which the Republic defaulted in December 2001.  The proceedings below followed remands in *Seijas II*, 493 F. App'x 156, and *Seijas v. Republic of Argentina*, 606 F.3d 53 (2d Cir. 2010)

("*Seijas I*"), both of which vacated the district court's awards of aggregate

judgments under a class definition previously certified in August 2005.  At issue in

each of the *Seijas* appeals was, *inter alia*, the entry of class-wide damage awards

that failed to account for persons who had acquired (or sold) their bond interests in

the secondary market after the complaint had been filed.  Such persons necessarily

fell outside the class definition of persons who continuously held their bond

interests from the filing of the complaint through entry of judgment.

       In *Seijas II*, the Court remanded with specific instructions that the

district court "conduct an evidentiary hearing to resolve [the issue of damages]."

*Seijas II*, 493 F. App'x at 160.  At that hearing, the district court was to:

(1) consider evidence with respect to the volume of trading in the secondary

market; (2) make findings of that volume based on the evidence presented by the

parties; and (3) account for that volume in subsequent damages calculations.  *Id*.

Critically, the Court instructed that if no "reasonably accurate, non-speculative

estimate" of aggregate damages could be made, then the district court *must*

"determine how to proceed with awarding damages on an individual basis."

*Compare Seijas II*, 493 F. App'x at 160, *with Seijas I*, 606 F.3d at 59 (remanding

so district court could consider "alternative approaches" to calculating damages).

       After this Court's remand, the Republic and plaintiffs exchanged

discovery confirming that neither party had documents showing the amount of

trading in class bonds.  However, the fact that secondary trading continues is well established.  *See, e.g.*, *Seijas II*, 439 F. App'x at 158 (plaintiffs' expert "conceded that there was trading of bonds in the secondary market throughout and after the 2010 debt exchange offer").  In the few months since briefing on plaintiffs' motion in the district court concluded, new plaintiffs have brought new individual suits against the Republic on over $2 million in beneficial interests in class bonds.

Rather than pursue discovery from third parties that might have data showing trading in the class bonds—likely out of concern that such data would result in inordinately small or zero-value "aggregate" judgments because of the extensive trading that had occurred and continues to occur—plaintiffs instead asked the district court by letter dated June 27, 2013 that they be permitted to seek the "unusual" remedy of modifying the class definition.  In the motions to modify the class definition subsequently filed, plaintiffs sought to expand the class definition from those who have held their interest in Republic bonds from the filing of the complaint to the entry of final judgment (continuous holders), to a class of all holders of beneficial interests in such bonds, no matter when purchased, who own them on the (future) day judgment is entered (judgment day holders).

The Republic objected on several grounds, including those raised in this petition.  The Republic emphasized to the district court that in each of the ten class actions it had certified against the Republic, the court had required that class

members hold their interests from the filing of the complaint until judgment precisely to avoid the legal deficiencies inherent in a fluid and unknowable class membership. *See, e.g.*, *H.W. Urban GmbH v. Republic of Argentina*, No. 02 Civ. 5699 (TPG), 2004 WL 307293, at *3 (S.D.N.Y. Feb. 17, 2004) ("persons who buy or sell the bonds after [the filing of the complaint] would not be part of the class"). Indeed, the district court had *rejected* the very class definition now at issue in this petition when plaintiffs first proposed it in 2005. *See* Memorandum dated April 27, 2005 ("the language of the Republic's proposed order granting class certification [reflecting the continuous holder requirement] is appropriate") (Ex. K).

On February 21, 2014, the district court held a hearing on plaintiffs' motion. The district court did not address any of the issues raised by the Republic in its opposition brief or in this petition, other than to say "I don't see any reason at all why the Court lacks discretion to expand the class definitions." Feb. 21, 2014 Hr'g Tr. at 7:3-4 (Ex. I). On April 24, 2014, the district court entered written certification orders identical to those proposed by plaintiffs granting their certification motion. This petition followed.

## REASONS FOR GRANTING THE PETITION

"In applying Rule 23(f), courts of appeals enjoy 'unfettered discretion' to grant or deny permission to appeal based on 'any consideration that the court of appeals finds persuasive.'" *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76

(2d Cir. 2004) (quoting 1998 Advisory Committee's Notes to Fed. R. Civ. P. 23(f)).  The Court has noted two typical circumstances in which Rule 23(f) review is appropriate: (i) "the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable," or (ii) "the certification order implicates a legal question about which there is a compelling need for immediate resolution."  *Id.* (internal quotation marks omitted).  However, "the Rule 23(f) standard is a flexible one that should not be reduced to any bright-line rules."  *Id.* at n.4; *see also In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001) ("[A] petition failing to satisfy either of the foregoing requirements may nevertheless be granted where it presents special circumstances that militate in favor of an immediate appeal."); 1998 Advisory Committee's Notes to Fed. R. Civ. P. 23(f) ("The court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.").

Each of the questions presented in this petition raises a novel and significant legal issue, the immediate resolution of which will aid in the orderly development of class action law and resolution of these cases.  *Hevesi*, 366 F.3d at 76; *see also Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293 (1st Cir. 2000) (Rule 23(f) allows a court of appeals to "take earlier-than-usual cognizance of important, unsettled legal questions, thus contributing to both the orderly

8

progress of complex litigation and the orderly development of law").  Further, the strong likelihood of reversal coupled with the nearly decade-long damages phase of this case presents a "special circumstance[]" that makes this case uniquely fitting for immediate appellate review.  *Sumitomo*, 262 F.3d at 140; *see also id.* at 139 ("interlocutory review is particularly appropriate 'when it promises to spare the parties and the district court the expense and burden of litigating the matter to final judgment only to have it inevitably reversed by this Court on appeal after final judgment'" (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1274-75 (11th Cir. 2000))).

## I.    THE CLASS CERTIFICATION ORDERS WRONGLY INTERPRET RULE 23(c)(1)(C) TO TRUMP THE MANDATE RULE

This Court's review is warranted to clarify the interplay between a district court's authority to modify a class definition and the authority of a court of appeals to order that specific proceedings be held.  The class certification orders interpret Federal Rule of Civil Procedure 23(c)(1)(C) as providing district courts with the unfettered authority to modify a class definition and certify new classes, notwithstanding a contradictory mandate from this Court.  That sweeping view of district court discretion under Rule 23 cannot be reconciled with the mandate rule as defined in this Court's precedent.

"The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly*

9

decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original) (internal quotation marks omitted). The rule dictates that when an appellate court remands an action for further proceedings, "that further proceedings *must* be had." 18B Charles Alan Wright et al., *Federal Practice & Procedure Jurisdiction* § 4478.3 (2d ed. 1986) (emphasis added); *see also Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1442-43 (5th Cir. 1991) (finding error and reversing judgment due to district court's failure to decide questions the court of appeals directed it to decide); *cf. United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) (mandate rule "bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals" (internal quotations marks omitted)). Additionally, "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand." *Ben Zvi*, 242 F.3d at 95; *see also Stanley*, 54 F.3d at 107; *Gonzalez v. Hasty*, No. 05 Civ. 6076 (RMB), 2012 WL 1711136, at *2 (S.D.N.Y. May 11, 2012). Each of these prohibitions applies here, and may not be overcome by general district court discretion over administration of the class action process.

   *First*, this Court remanded the cases to the district court with specific instructions to conduct an evidentiary hearing on damages, and that "if no

reasonably accurate, non-speculative estimate" of aggregate class-wide damages could be made, then "the district court *must* adopt an individualized approach" to calculating damages.  *Seijas II*, 493 F. App'x at 160 (emphasis added); *see also id.* at 160 n.2 ("first entering aggregate judgments inconsistent with the foregoing and then moving forward with an individual claims process would not allay our concerns").

Notwithstanding this clear instruction, plaintiffs declined to proffer any evidence from which the amount of secondary trading in the relevant bond series could be determined, as required by *Seijas I* and *Seijas II* in order to establish that aggregate damages be calculated accurately.  Pursuant to the Court's mandate, the district court was therefore required to determine damages on an individual basis.  *Id*. at 160; *see also Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 483 F.3d 70, 73 (2d Cir. 2007) ("Of course, a district court's discretion to 'alter or amend a class action ruling before final judgment' cannot be exercised in conflict with an appellate ruling." (brackets and internal citation omitted)); *Gene & Gene, L.L.C. v. Biopay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010) (discretion to modify class applies only in "areas not covered by higher court's mandate" (internal quotation marks omitted)).  It was not authorized to sweep the chessmen from the board and certify wholly new classes instead,

particularly when the new class definition violates basic principles of class action law.  *See infra* Point II-III.[2]

        *Second*, the certification orders violate the mandate rule's prohibition against reopening on remand issues that plaintiffs failed to challenge on appeal. *See Ben Zvi*, 242 F.3d at 95; *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993); *accord Stanley*, 54 F.3d at 107 ("Because [defendant] decided on his first appeal to forego any argument concerning the [guidelines] enhancement, the mandate rule prohibited the district court from reopening the case.").  These cases have come to this Court on two prior occasions, and in each plaintiffs elected to defend their aggregate damages calculations under the continuous holder definition certified by the district court in 2005.  Having twice decided not to appeal the district court's rejection of plaintiffs' proposed class definition, plaintiffs are barred from circumventing the Court's mandate by moving the district court to effectively reconsider its underlying class certification orders from nine years ago, and to start all over again under a new—and unworkable—class definition.

---

[2] Critically, the district court's certification of these new classes does nothing to solve the problem with aggregate judgments previously identified by the Court, and promises to lead to the precise improper judgments that the Court already rejected twice.

## II.    A CLASS WHOSE MEMBERSHIP IS INDETERMINABLE VIOLATES THE REQUIREMENT OF ASCERTAINABILITY AND THE DUE PROCESS RIGHTS OF ABSENT CLASS MEMBERS

### A.    Plaintiffs' Classes Are Unascertainable

"Rule 23 contains an implicit requirement that the proposed class be precise, objective and presently ascertainable." *Bakalar v. Vavra*, 237 F.R.D. 59, 64 (S.D.N.Y. 2006) (internal quotation marks omitted).  To be ascertainable, "the class must be readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling." *Weiner v. Snapple Beverage Corp.*, No. 07 Civ. 8742 (DLC), 2010 U.S. Dist. LEXIS 79647, at *40 (S.D.N.Y. Aug. 3, 2010). Crucially, "[w]hile class members need not be ascertained prior to certification, they must be ascertainable at some stage of the proceeding." *Bakalar*, 237 F.R.D. at 64; *accord In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 45 (2d Cir. 2006).  Thus, "class membership must be ascertainable *prior to the end of the action*." *In re Fosamax Products Liab. Litig.*, 248 F.R.D. 389, 395-96 (S.D.N.Y. 2008) (emphasis added); *see also In re Sears Roebuck & Co. Tools Mktg. & Sales Practice Litig.*, MDL No. 1073, 2007 WL 4287511, at *4 (N.D. Ill. Dec. 4, 2007) (class "unidentifiable" and could not be certified where class definition contained "no time limitation or indication of what the class period would be").[3]

---

[3] Plaintiffs argued below that ascertainability is satisfied as long as class members may be identified by objective criteria.  But there is nothing "objective" about a class definition that allows the class to change in perpetuity.  *See supra* at 12-13;

As the record in the prior appeals in these cases makes clear, the bonds on which plaintiffs have brought suit are freely-negotiable instruments that are regularly traded on the secondary market. *See, e.g.*, *Seijas II*, 493 F. App'x at 158; *see also supra* at 6. The membership of the newly-redefined classes will therefore be amorphous, consisting of ever-changing populations of holders that cannot, and will not, be determinable. Before the present certification orders, the law was well-settled that such classes were categorically barred by the rule of ascertainability. *In re Fosamax*, 248 F.R.D. at 395-96; *Bakalar*, 237 F.R.D. at 64.

Indeed, the Republic is aware of *no* case certifying a damages class with a membership that will continuously change. Consistent with this previously-unanimous case law, the district court previously certified only "continuous holder" classes in litigation against the Republic, and refused to certify a "judgment day" holder class like the one now at issue. *See, e.g.*, *Brecher v. Republic of Argentina*, No. 06 Civ. 15297 (TPG), 2009 WL 857480, at *1 (S.D.N.Y Mar. 29, 2009); Order, *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG) (S.D.N.Y. Aug. 10, 2005) (Ex. J); *H.W. Urban GmbH v. Republic of Argentina*, No. 02 Civ. 5699 (TPG), 2003 WL 23105392, at *1 (S.D.N.Y. Dec. 30, 2003). The district court's decision now calls into question the long-recognized requirement of ascertainability, and

---

*see also* 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 4:2 (10th ed. 2013) (noting both objectivity requirement and requirement that the class be defined by an appropriate time period).

14

unless reviewed and reversed, creates a dangerous precedent for all future class actions involving contract claims by holders of negotiable and freely-traded instruments.

### B. The Classes Now Certified Violate Class Members' Due Process Rights

A damages class that cannot be fixed also is improper as a matter of law because it fails to account for the rights of absent class members. Federal Rule of Civil Procedure 23(c)(2) requires that "for any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed R. Civ. P. 23(c)(2)(B). This notice requirement is neither discretionary nor required solely by the Federal Rules: "[a]bsent class members have a due process right to notice and an opportunity to opt out of class litigation when the action is 'predominantly' for money damages." *Hecht v. United Collection Bureau*, 691 F.3d 218, 222 (2d Cir. 2012); *see also* 7AA Charles Alan Wright et al., *Federal Practice And Procedure Civil* § 1785.4 (3d ed. 2005) ("The court should exercise its power to alter or amend its class-action determination with great care, taking into account the due-process rights of the absent class members."). At minimum, notice procedures must provide class members with sufficient time to determine whether to opt out of the class. Wright, *Federal Practice And Procedure Civil* § 1786; McLaughlin, *McLaughlin on Class*

15

*Actions* § 5:78 (courts ordinarily require "opt-out periods of between 30 and 60 days from the time the notice is sent"); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) ("[E]ach class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action.").

The right to notice and to opt-out under the Due Process Clause of the Fifth Amendment and Rule 23 plainly cannot be met by fluid classes that are indeterminate and indeterminable. A person who acquires an interest in class bonds after the end of the notice period, including even as late as the day before judgment is entered, will be a member of the class as defined by the district court's orders and bound by the judgment, whether or not the purchaser received notice and whether or not the purchaser wished to be a class member. A class definition that cannot provide adequate notice to potential class members violates their due process rights, and to permit it would create a precedent severely damaging to basic principles of class action law.

## III. THE CLASS CERTIFICATION ORDERS IMPERMISSIBLY EXPAND THE CLASSES AFTER THE DISTRICT COURT DETERMINED LIABILITY IN VIOLATION OF THE RULE AGAINST ONE-WAY INTERVENTION

A district court's authority to "modify" a class definition under Rule 23(c)(1)(C) does not as a matter of law permit plaintiffs proceeding under Rule

16

23(b)(3) to expand the class *after* liability has been determined, because a plaintiff may not obtain damages in an action in which it was not first bound by the determination of liability. The certification orders thus violate Rule 23 and the rights of the Republic by permitting potential class members to enter this litigation even though the Republic has already been found liable on a class-wide basis, including for accelerated amounts. *Seijas II*, 493 F. App'x at 161; *see also* 28 U.S.C. § 2072 (Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right"). This is the exact one-way intervention problem that Rule 23 was amended in 1966 to preclude. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 546-49 (1974) ("The 1966 amendments [prohibiting one-way intervention] were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments."); *Phillip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) (instructing district court to decide class certification prior to trial to "abate" the "specter of a risk-free intervention," and noting that "it is difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits" (internal quotation marks omitted));[4] *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681-82 (7th Cir. 2001) (granting Rule 23(f) petition and reversing grant of class

---

[4] *Superseded on other grounds* by 2003 Amendments to Rule 23(c)(1).

17

certification in part because certification order violated rule against one-way intervention).

In light of Rule 23's absolute bar on one-way intervention, district courts in this Circuit have expressly refused to expand a class after a determination of liability. *See In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 149 (S.D.N.Y. 2012) (plaintiff may not expand a class after the court has determined liability); *cf. Escott v. BarChris Const. Corp.*, 283 F. Supp. 643, 706 (S.D.N.Y. 1968) (rejecting plaintiffs' request to give notice to members of prospective class after determination of liability because "[t]o do so would be highly prejudicial to defendants. It would be of no benefit to the present plaintiffs, who will recover whatever damages they are found to be entitled to, regardless of the other members of the class.").

In contrast, neither the district court nor plaintiffs cited a single case that has permitted a post-liability expansion of a Rule 23(b)(3) damages class since Rule 23's amendment, and the Republic is aware of none. Instead, plaintiffs relied below on case law that permitted *pre*-liability expansion of a class definition, *see, e.g.*, *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 131-33 (S.D.N.Y. 2009),[5] and on the sixth and eighth paragraphs of the 2003 Advisory

---

[5] Plaintiffs also relied on a single out-of-circuit decision permitting post-liability expansion of a class seeking declaratory and injunctive relief. *See Kilgo v. Bowman Transp., Inc.*, 798 F.2d 859, 877-78 (11th Cir. 1986). Not only does this

Committee Notes to Rule 23 discussing the 2003 amendments to Rule 23(c)(1). These notes do not support what the district court did.

Rather, these paragraphs state two independent propositions: (1) a class may be amended or subdivided after a determination of liability; and (2) a class may be expanded after class certification.  2003 Advisory Committee Notes to Rule 23(c)(1)(C).  But the two procedures may not be combined; to the contrary, paragraph seven of the Advisory Committee Notes explicitly states that "[t]he authority to amend an order under Rule 23(c)(1) before final judgment does not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23."  *Id.*  Thus, while certain modifications to a class may occur after a finding of liability, including "[d]ecertification," *see id.*, the one thing that is not permitted is to enlarge its membership after class-wide liability has been adjudicated, as the district court did here.

---

decision not address one-way intervention, it is inapposite, as the bar against one-way intervention applies with particular force to damages classes under Rule 23(b)(3).  *See, e.g.*, *Deposit Guar. Nat. Bank. v. Roper*, 445 U.S. 326, 354 n.14 (1980) (Powell, J., dissenting) (opt out requirements for Rule 23(b)(3) classes "designed to bring an end to the 'spurious' class action in which class members were permitted to intervene after a decision on the merits in order to secure the benefits of that decision"); *Phillip Morris*, 214 F.3d at 135 (noting significance of damages in Rule 23(b)(3) classes when interpreting Rule 23(c)(1)(A)'s instruction on timing of class certification orders).

## CONCLUSION

For the foregoing reasons, this Court should grant this petition to

appeal under Federal Rule of Civil Procedure 23(f).

Dated:  New York, New York
        May 8, 2014

                        Respectfully submitted,

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By: _____
                        Jonathan L. Blackman (jblackman@cgsh.com)
                        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                        One Liberty Plaza
                        New York, New York 10006
                        (212) 225-2000

                        *Attorneys for the Republic of Argentina*

20

**APPENDIX SUBMITTED IN SUPPORT OF THE REPUBLIC OF
ARGENTINA'S PETITION FOR LEAVE TO APPEAL PURSUANT TO
FED. R. CIV. P. 23(f)**

| Ex. | Page | Document |
|-----|------|----------|
| A | A-1 | Order, *Seijas v. Republic of Argentina*, 04 Civ. 400 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| B | A-3 | Order, *Seijas v. Republic of Argentina*, 04 Civ. 401 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| C | A-5 | Order, *Castro v. Republic of Argentina*, 04 Civ. 506 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| D | A-7 | Order, *Hickory Securities Ltd. v. Republic of Argentina*, 04 Civ. 936 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| E | A-9 | Order, *Azza v. Republic of Argentina*, 04 Civ. 937 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| F | A-11 | Order, *Azza v. Republic of Argentina*, 04 Civ. 1085 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| G | A-13 | Order, *Puricelli v. Republic of Argentina*, 04 Civ. 217 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| H | A-15 | Order, *Chorny v. Republic of Argentina*, 04 Civ. 2118 (TPG), (S.D.N.Y. Apr. 24, 2014); |
| I | A-17 | February 21, 2014 Hr'g Tr., *Seijas v. Republic of Argentina*, 04 Civ. 400 (TPG); |
| J | A-28 | Order, *Seijas v. Republic of Argentina*, 04 Civ. 400 (TPG), (S.D.N.Y. Aug. 10, 2005); |
| K | A-31 | April 27, 2005 Memorandum from Judge Griesa to Parties, *Seijas v. Republic of Argentina*, 04 Civ. 400 (TPG). |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SILVIA SEIJAS, et al,                          :    04 Civ. 400 (TPG)
                                    Plaintiffs, :
                                               :
            -against-                          :
                                               :
THE REPUBLIC OF ARGENTINA,                     :
                                    Defendant. :
-------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014
```

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 11% Global Notes due October 9, 2006 (CUSIP/ISIN # US040114AN02) (the

"Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 11% Global Notes due October 9, 2006 (CUSIP/ISIN # US040114AN02)," a "holder" being an owner of a beneficial interest in said bonds. Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
        April 24, 2014

                                        Judge Thomas P. Griesa
                                        U.S.D.J.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

SILVIA SEIJAS, et al,                                    :        04 Civ. 401 (TPG)

                                        Plaintiffs,     :

                                                         :

        -against-                                        :

                                                         :

THE REPUBLIC OF ARGENTINA,                               :

                                        Defendant.      :

-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 7% Global Notes due December 19, 2008 (CUSIP/ISIN # US040114GF14) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 7% Global Notes due December 19, 2008 (CUSIP/ISIN # US040114GF14)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 24, 2014

                                        _____
                                        Judge Thomas P. Griesa
                                        U.S.D.J.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CESAR RAUL CASTRO,                                :     04 Civ. 506 (TPG)

                                  Plaintiff,       :

            -against-                             :

                                                  :

THE REPUBLIC OF ARGENTINA,                        :

                                  Defendant.  :
-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 9.75% Global Notes due September 19, 2027 (CUSIP/ISIN # US040114AV28) (the

"Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2. The Court therefore GRANTS Plaintiff's motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 9.75% Global Notes due September 19, 2027 (CUSIP/ISIN # US040114AV28)," a "holder" being an owner of a beneficial interest in said bonds. Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3. The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
April 24, 2014

_____
Judge Thomas P. Griesa
U.S.D.J.

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

HICKORY SECURITIES LTD.,                           :        04 Civ. 936 (TPG)

                                    Plaintiff,     :

                                                   :

          -against-                                :

                                                   :

THE REPUBLIC OF ARGENTINA,                         :

                                    Defendant.     :

-------------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014
```

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 11.75% Global Notes due June 15, 2015 (CUSIP/ISIN # US040114GA27) (the

"Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.        The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiff's motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 11.75% Global Notes due June 15, 2015 (CUSIP/ISIN # US040114GA27)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
         April 21 2014

_____
Judge Thomas P. Griesa
U.S.D.J.

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIZABETH ANDREA AZZA, et al,                          x     04 Civ. 937 (TPG)

                                    Plaintiffs,         :

                                                        :

            -against-

                                                        :

THE REPUBLIC OF ARGENTINA,

                                    Defendant.   :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 11% Global Notes due December 4, 2005 (CUSIP/ISIN # US040114AZ32) (the

"Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 11% Global Notes due December 4, 2005 (CUSIP/ISIN # US040114AZ32)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 24, 2014

_____
Judge Thomas P. Griesa
U.S.D.J.

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH ANDREA AZZA, et al.,                    :        04 Civ. 1085 (TPG)
                                      Plaintiffs, :
                                                  :
               -against-                          :
                                                  :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                     Defendant.   :
                                                  :
-----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 8.375% Global Notes due December 20, 2003 (CUSIP/ISIN # US040114AH34)

(the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.     The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 8.375% Global Notes due December 20, 2003 (CUSIP/ISIN # US040114AH34)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
        April ___, 2014

                                                Judge Thomas P. Griesa
                                                 U.S.D.J.

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDUARDO PURICELLI,                            :     04 Civ. 2117 (TPG)
                                  Plaintiff,  :
                                              :
            -against-                         :
                                              :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                  Defendant.  :
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FI
DOC #:
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 12.375% Global Notes due February 21, 2012 (CUSIP/ISIN # US040114GD65) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate

1

representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiff's motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 12.375% Global Notes due February 21, 2012 (CUSIP/ISIN # US040114GD65)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 2 , 2014

                                        _____
                                        Judge Thomas P. Griesa
                                        U.S.D.J.

2

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

RUBEN DANIEL CHORNY,                             :      04 Civ. 2118 (TPG)

                      Plaintiff,     :

                               :

        -against-                              :

                               :

THE REPUBLIC OF ARGENTINA,                       :

                    Defendant.    :
--------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

      WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina Floating Rate L+0.8125 Global Notes due March, 2005 (CUSIP/ISIN #

XS0043120582) (the "Holder Class"); and

      WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

      Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

      IT IS HEREBY ORDERED THAT:

      1.     The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate

representation) and is ascertainable by reference to objective criteria; and the requirements of

FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and

potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiff's motion to modify the class definition to

encompass, as modified, "all holders of Republic of Argentina Floating Rate L+0.8125 Global

Notes due March, 2005 (CUSIP/ISIN # XS0043120582)," a "holder" being an owner of a

beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent

that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to

collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.

Holders that timely opt out pursuant to the attached procedures also will be excluded from the

Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and

Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April ___, 2014

                                          _____
                                          Judge Thomas P. Griesa
                                          U.S.D.J.

2

# EXHIBIT I

1

E2l6seic

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SILVIA SEIJAS, et al.,

 4                   Plaintiffs,

 5           v.                            04 CR 400(TPG)

 6   THE REPUBLIC OF ARGENTINA,

 7                   Defendant.

 8   ------------------------------x
                                          New York, N.Y.
 9                                        February 21, 2014
                                          10:30 a.m.
10
     Before:
11
                     HON. THOMAS P. GRIESA,
12
                                          District Judge
13
                          APPEARANCES
14
     HAGENS BERMAN SOBOL SHAPIRO, LLP
15        Attorneys for Plaintiffs Brecher and Class
     BY:  JASON A. ZWEIG
16
     SAUL ROFFE, ESQ.
17        Attorney for Plaintiffs

18   PROSKAUER ROSE, LLP
          Attorneys for Plaintiffs
19   BY:  JENNIFER R. SCULLION
          TODD MOBLEY
20
     CLEARY GOTTLIEB STEEN & HAMILTON, LLP
21        Attorneys for Defendant
     BY:  CARMINE BOCCUZI
22        DANIEL NORTHROP

23

24

25

                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

2

E2l6seic

1          (In open court; case called)

2          THE DEPUTY CLERK:  For a conference Seijas V. Republic

3    of Argentina.

4          Plaintiffs ready?

5          MR. ZWEIG:  Yes, sir.

6          THE DEPUTY CLERK:  Defendant ready?

7          MR. BOCCOZI:  Yes.

8          THE COURT:  What motions do I have now?

9          MS. SCULLION:  Your Honor, Jennifer Scullion for

10   plaintiffs.  You have before you a motion to modify the class

11   definition in the eight cases that we brought on behalf of

12   plaintiffs as well as additional cases brought by Mr. Zweig's

13   firm.

14         THE COURT:  Is there a similar motion in the

15   Brecher -- am I saying it right?

16         MR. ZWEIG:  Brecher, your Honor.  Yes, there is.  It's

17   the exact same motion.

18         THE COURT:  Can I ask this:  Do you have an estimate

19   of how many people are in the classes now?

20         MS. SCULLION:  Your Honor, we do not have an estimate

21   of the number of individual holders if you will.  We did have

22   estimates of what we understood to be the amount of bonds

23   outstanding in the classes that were not held by opt-outs that

24   were not in the exchange offers, that were not in other

25   litigation.

3

E2l6seic

1          THE COURT:  What is that estimate?

2          MS. SCULLION:  So I have it broken down bond by bond

3     including principal, note, prejudgment interest.

4          THE COURT:  Look, if you can give me an aggregate

5     figure of what you're representing in terms of the amount.

6          MS. SCULLION:  Your Honor, I am going to do the math

7     quickly in my head with the prejudgment interest as of 2011.

8     It was in excess of half a billion dollars.  My recollection it

9     was closer to 700 million.  Again, that would have changed in

10    terms of prejudgment interest at this time.

11         THE COURT:  Okay.

12         MS. SCULLION:  Your Honor, you asked in terms of the

13    class and the issue we have of course is that these estimates

14    do not take into account which of those bonds are held only by

15    continuous holders and that is the issue that we've attempted

16    to take discovery on.  What we have found is that the facts in

17    Argentina has -- the facts that we have access to do not allow

18    us in themselves to determine who are continuous holders.

19         THE COURT:  Can I interrupt you.  I just want to get

20    an idea in rough terms of what the classes amount to now.

21    Because much exchange offers and other circumstances, the

22    classes have gone down to some minimal amount or something.

23    You get my point?

24         MS. SCULLION:  Right.

25         THE COURT:  I just want to know if we still got

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-19

4

E2l6seic

1    substantial class actions because there keeps being litigation

2    about the issues we've talked about and the Court of Appeals.

3    So there is a lot of litigation about this.  So is it dealing

4    with a substantial amount of bonds or is it now become de

5    minimis?

6              MS. SCULLION:  Your Honor, there certainly is a

7    substantial amount of bonds out there -- I want to be clear --

8    that are not otherwise being accounted for in other litigation

9    or exchange offers.  So there are people who have not yet been

10   paid.

11             THE COURT:  Who are members of your classes.

12             MS. SCULLION:  Well, this is the question, your Honor:

13   Under the class definition as certified some of those

14   individuals would be members of our class, that would be

15   continuous holders; but there are noncontinuous holders out

16   there who would not be part of the class.  We are bringing this

17   motion because as I said we've taken discovery domestically.

18             THE COURT:  Let me ask you a more refined question:

19   What is the amount involved -- what do you call it? -- the

20   noncontinuous?

21             MS. SCULLION:  Your Honor, that is exactly the

22   question we've been trying to determine in domestic discovery.

23   The domestic discovery has not yielded the answer.  We are at

24   the point we could take non party discovery domestically to

25   find out who are the continuous versus the noncontinuous

5

E2l6seic

1   holders.  At this point we believe that that discovery would be

2   unduly burdensome to have to try to go to foreign brokers.

3           THE COURT:  Please let me interrupt you.

4           MS. SCULLION:  Sure.

5           THE COURT:  What has gone on here is a lot the

6   litigation and in one sense it is a total waste of time because

7   the Republic isn't paying these judgments and has no intention

8   as far as I know of paying them yet there is litigation about

9   the amount of the judgments and the calculations of the

10  judgments and has gone to the Court of Appeals twice on

11  something which if it were finally ascertained the exact proper

12  way and the amounts of these judgments and the magic day would

13  come and those judgments we presented to the Republic, well,

14  what would happen?  Nothing.

15          MS. SCULLION:  Your Honor--

16          THE COURT:  It doesn't mean that the judgments are

17  academic.  There should be judgments because the day could very

18  well come where something will happen.  But right now the

19  Republic makes all these arguments and goes up to the Court of

20  Appeals with no intention of paying the judgments that are

21  being debated about.  So it is really a strange exercise, but

22  we've got to keep going at it.

23          Look, let me drop my question.  I am wasting time.

24  There have been papers and it seems to me that someone who

25  bought after the class certification they buy a bond, the bond

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-21

6

E2l6seic

1    has been defaulted on.  I will assume it is a bond that has

2    been defaulted on.  They get all the rights of the seller,

3    which obviously have their limitations on what the seller can

4    do and we understand all that.  Whatever the seller owns, the

5    seller can transfer; right?

6              MS. SCULLION:  Right.

7              THE COURT:  Of course they can.  The person who buys

8    from that seller, buys the rights to a defaulted bond.

9    Whatever those rights are, they are, and their limits.

10             But they are rights; right?

11             MR. ZWEIG:  Correct.

12             MS. SCULLION:  Correct, your Honor, including class.

13             THE COURT:  And it seems to me that going back in

14   history when we originally defined the classes, it was the idea

15   that they would be most manageable if they had the limitations

16   that were imposed and the classes were people who owned at the

17   time the classes were certified and would continue to own until

18   judgment.

19             That is the original class definitions; right?

20             MS. SCULLION:  With one modification, your Honor.  The

21   people that owned as of the time the complaint was filed and

22   continually held through the date of judgment.  The starting

23   point is not class certification.  It is earlier.  You have the

24   general idea.

25             THE COURT:  Right.  Of course.  Now, Brecher, did we

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-22

7

E2l6seic

1    use the same?

2              MR. ZWEIG:  Yes, your Honor.

3              THE COURT:  Now, I don't see any reason at all why the

4    Court lacks discretion to expand the class definitions

5    including people who bought after the complaints, but they have

6    a right to buy.  Their bonds have been defaulted on.  And what

7    the classes were asserting, the existing classes are asserting,

8    is whatever rights exist or defaulted bondholders.  And if you

9    become a defaulted bondholder by buying a bond, I see

10   absolutely no reason why the class cannot include those people

11   and also it could streamline arriving at judgments and that is

12   a desirable thing.  Nobody has the right, including the

13   Republic, to make it as difficult as possible.  We should make

14   it as efficient as possible.  So I am certainly happy to hear

15   discussion, but it seems to me the motions should be granted.

16             MR. BOCCOZI:  Your Honor, may I speak to that?

17             THE COURT:  Sure.

18             MR. BOCCOZI:  Thank you.  Carmine Boccuzi from Cleary

19   Gottlieb for the Republic.

20             In terms of the selling of the bonds and the trading

21   everybody agrees has been going on since before the default and

22   since the default to the present day, when a person buys in a

23   secondary market, they may be buying for any number of reasons.

24   They may be buying because they want to trade the bond on, sell

25   it to someone else.  They may doing it because they are taking

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

E2l6seic

1    the view that something may happen that will cause the Republic
2    to pay on the bonds.  Or they may be getting the bond because
3    they believe there should be another exchange offer.  The
4    Republic has lifted the lock law and has already done two
5    exchange offers.  So what you have is people buying those bonds
6    for many different reasons and under this methodology if the
7    judgment is entered, they are part of the class.
8         THE COURT:  I don't see what the relevance of anything
9    that you are speaking of.  What does it matter the motive with
10   which somebody buys a bond?  They buy a bond and if the
11   Republic decided to pay, would the Republic have the right to
12   say, well, what was your motive?  Did you intend to benefit
13   your grandmother or something?  No.  No.
14        MR. BOCCOZI:  That is not the point I was trying to
15   make, your Honor.  The point is if the judgment is entered in
16   June of this year for an amount, and basically it is whatever
17   the amount of the outstanding bond is once you subtract other
18   people litigating, the exchange offer, etc., and there is an
19   exchange offer announced, for example, and there is a person in
20   the class action who wants to exchange, the judgment would be
21   overstated by the amount of that person wanting to exchange or.
22   If they came in and brought their own lawsuit, which we seen
23   happen in both iterations, and the Second Circuit in the second
24   decision said, We cannot enter a judgment and then leave it for
25   a later administration process for us to determine whether the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-24

9

E2l6seic

```
1    judgment is too big or doesn't match up with who is actually in
2    the class.  What plaintiffs is proposing is just another
3    version of what the Second Circuit said we can't do.
4              THE COURT:  I disagree completely.
5              MS. SCULLION:  Your Honor, I would also disagree.
6              THE COURT:  The thing is what is being done here is
7    to -- I am not granting a motion as to the amount of a
8    judgment.  I am not doing that.  What I am doing is granting a
9    motion, which may assist the proper entry of a judgment or
10   proper entry of judgments; but it is of no avail to have the
11   Republic now saying, You won't enter a proper judgment.  I am
12   not entering a judgment today.
13             MS. SCULLION:  Your Honor, if I may.  The other thing
14   I point out is the reasons why someone does buy a bond is
15   irrelevant as to whether they are entitled to collect on the
16   bond.  Argentina has not contested liability on any of the
17   bonds.  They have no basis to do so.
18             Moreover, we're asking to modify the class, but of
19   course in expanding the class, we also are proposing to allow
20   for an opt-out.  If someone has bought a bond and their
21   intention is, for example, to hold on to it with a possible
22   exchange offer or to bring their own litigation or for some
23   other reason they don't want to be part of the class, they can
24   opt out.  We're not going to be asking for a judgment without
25   giving people the opportunity to opt out first.  Once the opt
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-25

10

E2l6seic

1    out period has run, we know what the class volume is.  It is

2    ascertainable as of that moment.  If someone then buys

3    subsequently, if they buy from someone who didn't opt out, that

4    new person is part of the class.  We cited the cases saying

5    when you transfer a claim that is in a class, it is

6    transferable and that next person becomes part of the class.

7    If that person buys from someone who did opt out of the class,

8    they won't be part of the class.  They have opted out and they

9    can do what they like.

10           Your Honor, this is a situation where Argentina's

11   default status is well known, well publicized worldwide.  The

12   default has been going on obviously for more than a decade.

13   There has been plenty of litigation.  Trading that is happening

14   now would be among very sophisticated buyers.  These are called

15   voucher funds, people who buy defaulted debt.  People who are

16   buying are sophisticated.  They are going to know about this

17   litigation.  We're going to have an opt-out notice out there, a

18   class notice out there.  They are going to understand what the

19   dynamics are.  Do I want to be part of this class?  Do I want

20   to buy bonds that are not part of this class?  Do I want to opt

21   out?  So there is no idea that we'll be forcing people into a

22   judgment who didn't have the opportunity to opt out, didn't

23   have the opportunity to know whether they were buying into the

24   class or not.  All of that is consistent with due process as

25   well as Rule 23.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

11

E2l6seic

```
1              THE COURT:  I am granting both motions and I would

2   appreciate the plaintiffs' submitting on notice a proposed

3   order.

4              Thank you.

5              MR. ZWEIG:  Thank you, your Honor

6                              o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SILVIA SEIJAS, HEATHER M. MUNTON,    :
THOMAS L. PICO ESTRADA,
                                     :

            Plaintiffs,              :
                                     :    04 CV.400(TPG)
            -against-               :
                                     :
THE REPUBLIC OF ARGENTINA,           :
                                     :
            Defendant.               :
-----------------------------------X

## ORDER GRANTING CLASS CERTIFICATION

WHEREAS, the Plaintiffs having made a Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order seeking certification of a class defined as: all holders of Republic of Argentina 11 % Global Bonds due October 9, 2006 ISIN US040114AN02;and

WHEREAS, the Court by Order, on March 31, 2005 having certified the above-referenced action as a class action (the "action") on behalf of the Class;

Now therefore, The Court, having considered all papers and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.   The Court, after due consideration of the Memorandum of Law in Support of Plaintiffs Motion for Class Certification; the Affidavit of Saul Roffe, dated May 27, 2004; the Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification; the Declaration of Christopher Moore dated March 28, 2005; the Memorandum of Law in Further Support of Plaintiffs Motion for Class Certification; and all transcripts, papers, hearings and filings had herein, finds that the Requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied by Plaintiffs; that the Class is so numerous that joinder is impracticable; that there are questions of law or fact common to the Class; that the claims or defenses of the representative parties are typical of the claims or defenses of the Class; that the representative parties will fairly and adequately protect the interests of the Class; that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.   A Class is therefore certified pursuant to Rule 23 (c) on behalf of persons or entities that purchased

Republic of Argentina 11% Global Bonds Due October 9, 2006
ISIN US040114AN02 (the "Bonds") prior to January 16, 2004
and held them continuously until the time of final judgment
(the "Class"), provided that Counsel and Plaintiffs comply
with all laws and rules concerning the payment of costs and
expenses and produce new signed retainer agreements in
accordance with such laws and rules within 30 days of this
Order. Excluded from the Class are all persons or entities
that brought an individual claim to collect on the Bonds
and all persons or entities that tendered their Bonds in
the exchange offer offered by Defendant pursuant to a
Prospectus dated December 27, 2004 and the Prospectus
Supplement dated January 10, 2005.

3.   The Court hereby appoints Sirota & Sirota
LLP, the Law Offices of Guillermo Gleizer and Lovell
Stewart Halebian L.L.P. as co-lead counsel ("Class
Counsel") in the prosecution of this action pursuant to
Rule 23.

DONE AND ORDERED in New York, New York, this 5th
day of August, 2005.

Judge Thomas P. Griesa, U.S.D.J.
United States District Court
Southern District of New York

3
A-30

# EXHIBIT K

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### *MEMORANDUM*

April 27, 2005

***To***:          Counsel

***From:***     Judge Griesa

***Re:***        Seijas v. Republic, 04 Civ. 400

Seijas v. Republic, 04 Civ. 401

Castro v. Republic, 04 Civ. 506

Hickory Securities Ltd. v. Republic, 04 Civ. 936

Azza v. Republic, 04 Civ. 937

Azza v. Republic, 04 Civ. 1085

Puricelli v. Republic, 04 Civ. 2117

Chorny v. Republic, 04 Civ. 2118

Class counsel have submitted proposed Orders With Respect to Notice in the above-listed actions.  Those proposed orders encompass both class certification and notice to the class.  The Republic has proposed an order dealing solely with the issue of class certification.  The Court has reviewed the submissions, and agrees with the Republic that class certification and notice to the class are separate issues.  The Court believes that the language of the Republic's proposed order granting class certification is appropriate.  Class counsel should submit proposed orders granting class certification that follow the Republic's proposed language.  Class counsel have until 4.00 PM on May 4,

2005 to submit their proposals. The Republic will submit any objections by 6.00 PM on May 6, 2005. If necessary, the Court will hold a conference during the week of May 9 to resolve any remaining disputes.

## CERTIFICATE OF SERVICE

I, Richard V. Conza, an attorney admitted to practice in the State of New York and the Managing Attorney of the firm of Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On the 8th day of May 2014, The Republic of Argentina's Petition Pursuant to Fed. R. Civ. P. 23(f) for Leave to Appeal from the District Court's Order Granting Class Certification is being served by First Class Mail and by email upon:

> Jennifer Scullion
> M. Todd Mobley
> Proskauer Rose LLP
> Eleven Times Square
> New York, NY 10036
> jscullion@proskauer.com
> mmobley@proskauer.com
>
> Saul Roffe
> Law Offices of Saul Roffe, Esq.
> 52 Homestead Circle
> Marlboro, NJ 07746
> sroffe@gmail.com
>
> Michael Diaz, Jr.
> Carlos F. Gonzalez
> Marta Colomar-Garcia
> Diaz Reus & Targ LLP
> 100 S.E. 2nd Street, Suite 2600
> Miami, FL 33131
> mdiaz@diazreus.com
> cgonzalez@diazreus.com
> mcolomar@diazreus.com

Dated: New York, New York
May 8, 2014

Richard V. Conza