# 14-1444-CV

## United States Court of Appeals

*for the*

## Second Circuit

⬥

SILVIA SEIJAS, HEATHER M. MUNTON, THOMAS L. PICO ESTRADA,

*Plaintiffs-Respondents,*

– v. –

THE REPUBLIC OF ARGENTINA,

*Defendant-Petitioner.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## RESPONDENTS' OPPOSITION TO PETITION PURSUANT TO FED. R. CIV. P. 23(f) FOR LEAVE TO APPEAL FROM THE DISTRICT COURT'S ORDER GRANTING CLASS CERTIFICATION

MICHAEL DIAZ, JR.
CARLOS F. GONZALEZ
MARTA COLOMAR-GARCIA
DIAZ REUS & TARG LLP
100 S.E. 2nd Street, Suite 2600
Miami, Florida 33131
(305) 375-9220

JENNIFER R. SCULLION
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

SAUL ROFFE
LAW OFFICES OF SAUL ROFFE, ESQ.
52 Homestead Circle
Marlboro, New Jersey 07746
(732) 375-9220

*Attorneys for Plaintiffs-Respondents*

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** .................................................................. 1

**STATEMENT OF THE CASE** ................................................................... 2

**PROCEEDINGS BELOW** ........................................................................ 4

**ARGUMENT** ............................................................................................ 5

I.    Argentina Fails To Satisfy the Standard for Interlocutory
      Review Under Rule 23(f) ................................................................... 5

II.   Modification of the Classes Did Not Violate the Mandate Rule .......... 8

III.  There are No Reviewable Issues Concerning Ascertainability
      and Due Process................................................................................. 13

IV.   The Class Certification Orders Do Not Raise Novel Issues as to
      Rule 23(c)(1)(C) and the Rule Against One-Way Intervention .......... 17

**CONCLUSION** ......................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Aho v. Americredit Fin. Servs., Inc.*,
  10-CV-1373, 2012 WL 273763 (S.D. Cal. Jan. 31, 2012) ...............................17

*BG Group PLC v. Rep. of Argentina*,
  __U.S. __, 134 S.Ct. 1198 (2014) ........................................................................7

*Biggins v. Hazen Paper Co.*,
  111 F.3d 205 (1st Cir. 1997)...............................................................................10

*Bluebird Partners v. First Fid. Bank*,
  97 N.Y.2d 456 (2002) ..........................................................................................15

*Boundas v. Abercrombie & Fitch Stores, Inc.*,
  280 F.R.D. 408 (N.D. Ill. 2012) ...............................................................13, 14, 16

*Bowers v. Windstream Ky. East, LLC*,
  09-CV-440, 2012 WL 216616 (W.D. Ky. Jan. 24, 2012) .................................17

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
  502 F.3d 91 (2d Cir. 2007) .................................................................................15

*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980)..............................................................................................19

*Escott v. BarChris Const.*,
  283 F. Supp. 643 (S.D.N.Y. 1968) ....................................................................20

*Fleischman v. Albany Med. Ctr.*,
  06-CV-0765, 2010 U.S. Dist. LEXIS 23727 (N.D.N.Y. Feb. 13,
  2010) .....................................................................................................................17

*Furlong v. Shalala*,
  238 F.3d 227 (2d Cir. 2001) ...............................................................................11

*Gene & Gene, LLC v. Biopay, LLC*,
  624 F3d 698 (5th Cir. 2010) ...............................................................................12

ii

*Gonzalez v. Hasty*,
   05-CV-6076, 2012 WL 1711136 (S.D.N.Y. May 11, 2012)..............................11

*H.W. Urban GmbH v. Rep. of Arg.*,
   No. 02-cv-5699 (S.D.N.Y.) .........................................................................2

*Hickory Sec., Ltd. v. Rep. of Arg.*,
   493 Fed. App'x 156 (2d Cir. 2012) ..........................................................3, 4

*Holmes v. Cont'l Can Co.*,
   706 F.2d 1144 (11th Cir. 1983) ................................................................18

*In re BGI*,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) ......................................................16

*In re Initial Public Offering Secs. Litig.*,
   483 F.3d 70 (2d Cir. 2007) .......................................................................12

*In re J.P. Morgan Chase Cash Balance Litig.*,
   255 F.R.D. 130 (S.D.N.Y. 2009) ..............................................................17

*In re Kellogg Square P'ship*,
   160 B.R. 332 (Bankr. D. Minn. 1993).......................................................16

*In re OBT Partners*,
   214 B.R. 863 (Bankr. N.D. Ill. 1997) ........................................................16

*In re Sumitomo Copper Litig.*,
   262 F.3d 134 (2d Cir. 2001) ...............................................................1, 3, 5, 6, 16

*In re Vivendi*,
   284 F.R.D. 144 (S.D.N.Y. 2012) ..............................................................20

*Isaacs v. Sprint Corp.*,
   261 F.3d 679 (7th Cir. 2001) ...................................................................20

*Jeffries v. Pension Trust Fund*,
   99-CV-4174, 2007 WL 2454111 (S.D.N.Y. Aug. 20, 2007) .....................13, 14

*Kilgo v. Bowman Transp., Inc.*,
   576 F.Supp. 600 (N.D. Ga. 1984)............................................................18

*Kilgo v. Bowman Transp., Inc.*,
   789 F.2d 859 (11th Cir.1986) .......................................................................18

*Lamar Adver. v. Orchard Park*,
   01-CV-556A, 2008 WL 781865 (W.D.N.Y. Feb. 25, 2008)..........................10

*Maxwell v. Toys R Us*,
   BC 401425, 2011 WL 9373596 (Cal. Super. July 29, 2011) ...........................14

*Newball v. Offshore Logistics Int'l*,
   803 F.2d 821 (5th Cir. 1986) ...........................................................................9

*NML Capital v. Rep. of Argentina*,
   699 F.3d 246 (2d Cir. 2012) .............................................................................7

*NML Capital v. Rep. of Argentina*,
   727 F.3d 230 (2d Cir. 2013) .............................................................................6

*Postow v. OBA*,
   627 F.2d 1370 (D.C. Cir. 1980)......................................................................19

*Rep. of Argentina v. NML Capital Ltd.*,
   No. 13-990 (U.S. Supreme Court).....................................................................7

*Rogers v. Hill*,
   289 U.S. 582 (1933).........................................................................................9

*Seijas v. Rep. of Arg.*,
   606 F.3d 53 (2d Cir. 2010) ....................................................................2, 3, 17

*United States v. Ben Zvi*,
   242 F.3d 89 (2d Cir. 2001) .............................................................................11

*United States v. Brennan*,
   650 F.3d 65 (2d Cir. 2011) .............................................................................12

*United States v. Cirami*,
   563 F.2d 26 (2d Cir. 1977) ...............................................................................9

*United States v. Stanley*,
   54 F.3d 103 (2d Cir. 1995) .............................................................................11

iv

*Wal-Mart Stores, Inc. v. Dukes*,
___ U.S. ___, 131 S.Ct. 2541 (2011) .................................................................18

*Weber v. U.S. Trustee*,
484 F.3d 154 (2d Cir. 2007) ................................................................................8

*White v. Bowen*,
116 F.R.D. 12 (S.D.N.Y. 1987)..........................................................................18

*Woodard v. N.Y. Health and Hosp.*,
04-CV-5297, 2010 WL 2735757 (E.D.N.Y. July 9, 2010) ...............................10

## OTHER AUTHORITIES

*Amicus Curiae* Brief of Former Federal Judges in Opp. to the Pet. For
Writ of Certiorari of the Rep. of Argentina in *Rep. of Argentina v.
NML Capital Ltd.*, No. 13-990 (U.S. Supreme Court), dated May 7,
2014 (detailing record of Argentina's "fugitive behavior" and
evasion of U.S. court orders), available at
http://sblog.s3.amazonaws.com/wp-content/uploads/2014/05/13-
990-ac-Former-Federal-Judges.pdf.pdf ..............................................................7

Fed. R. Civ. P. 23 ..........................................................................................passim

Fed. R. Civ. P. 60(b) .............................................................................................9

## PRELIMINARY STATEMENT

Argentina's Petition should be denied.  Argentina fails to show this is one of the "rare" cases in which interlocutory appeal under Fed. R. Civ. P. 23(f) is warranted.  Argentina does not even argue – let alone prove – that the order below sounded a "death knell" for the case or that any of the supposed issues it identifies would "evade review" on an appeal from a final judgment. That "circumstance . . . alone, establishes an adequate basis to deny the petition."  *In re Sumitomo Copper Litig.*, 262 F.3d 134, 142 (2d Cir. 2001).

The reason Argentina fails to make the requisite showing for interlocutory appeal is that it cannot do so.  Unlike some defendants that may be "pressured" to settle by class certification, Argentina has made all too clear to these Plaintiffs, every court in the United States, and the world that it has no intention of voluntarily paying a single dime to anyone on its defaulted notes.  Indeed, the instant Petition only confirms that Argentina will seek to exploit every procedural mechanism the legal imagination can conjure in dogged pursuit of the Republic's one true goal – to deny payment to any bondholder that dares insist on its legal rights.

The "legal questions" Argentina purports to raise are either manufactured based on distortions of the law or premature attacks on a class

1

notice and identification process that has yet to be proposed.  In either event,

this Court can be certain Argentina will raise any and all arguments it may

have concerning class certification in the appeal it inevitably will take once

final judgments are entered for the classes.  Thus, for all of the reasons set

forth below, this Petition – like the Rule 23(f) Petition Argentina filed in 2005

– should be denied.  **Ex. 1**.

## STATEMENT OF THE CASE

In 2001, Argentina repudiated its foreign debt obligations, including the

eight series of bonds at issue here.  *Seijas v. Rep. of Arg.*, 606 F.3d 53, 55 (2d

Cir. 2010).  Argentina has never disputed its liability on the bonds.

Plaintiffs sued to recover the principal amounts of the bonds, as well as

interest.  The District Court certified eight classes.  *Id.*  However, the court

defined the classes based on the "continuous holder" structure adopted in

another case, *H.W. Urban GmbH v. Rep. of Arg.*, No. 02-cv-5699 (S.D.N.Y.).

Under the "continuous holder" definition, class membership was

limited to those who held interests in the bonds continuously from the filing

of the Complaints in 2004 through entry of final judgment.  According to

Argentina, the effect of this "continuous holder" requirement was that, if

someone held a class interest as of 2004, but then sold that interest at any

point prior to final judgment, that interest would simply drop out of the class altogether.  Neither the seller nor the buyer would be a "continuous holder" eligible for class recovery.   The "continuous holder" requirement was imposed even though, as a matter of law, a holder is entitled to the promised principal and interest regardless of when and why they bought bonds.

Argentina filed a Petition under Fed. R. Civ. P. 23(f) seeking immediate review of the class certification, which this Court denied in a 2006 Summary Order citing *Sumitomo*, *supra*.  **Ex. 1**.

On the uncontested evidence that Argentina had repudiated its obligations under the bonds, the District Court granted summary judgment and subsequently entered judgments based on estimates of the amounts owed each class (the "2009 Judgments").  *Seijas*, at 55-56.  On Argentina's appeal, this Court affirmed class certification, but vacated the judgments, finding additional process was needed to ensure the awards "roughly reflect the aggregate amounts owed class members."  *Id.* at 56, 58-59.

Following submission of renewed damages calculations for the "continuous holder" class, the District Court entered new judgments in 2011. Argentina again appealed.  In *Hickory Sec., Ltd. v. Rep. of Arg.*, 493 Fed. App'x 156, 159 (2d Cir. 2012) ("*Seijas II*"), this Court ruled that "aggregate

3

class-wide relief" would be permitted for the continuous holder class, provided that calculations "adequately accounted for bondholders who are not class members." *Id.* at 159-60. The Court remanded with instructions on how to address damages under the continuous holder definition. *Id.*

## PROCEEDINGS BELOW

In accordance with the Court's mandate, the parties engaged in additional discovery on remand to calculate damages for a "continuous holder" class. *See* **Exs. 2-4** (post-remand discovery). Among other things, Plaintiffs sought information from Argentina concerning trading activity (amounts, timing and volume) of bonds since the outset of these lawsuits. **Ex. 4.** In response, Argentina claimed it did not have information differentiating continuous and non-continuous holders. Thus, it became clear that distinguishing the two holder categories would require burdensome and time-consuming third-party discovery from, among other sources, U.S. and foreign financial institutions. Given that Argentina lacked information differentiating continuous and non-continuous holders, it also became clear that the distinction was irrelevant to Argentina.

In light of these developments, Plaintiffs moved to modify the class definitions to avoid the unnecessary complication of differentiating types of

4

holders and, thereby, provide the fairest and most straightforward way to proceed with class recovery.  Following briefing and a hearing, the District Court granted Plaintiffs' motions.  **Ex. 5** (2/21/14 Hr'g Tr. at 11:1-3) and **Ex. 6** (4/24/14 Orders Modifying Class Definition).

## ARGUMENT

### I.    Argentina Fails To Satisfy the Standard for Interlocutory Review Under Rule 23(f)

To "prevent the needless erosion of the final judgment rule and the policy values it ensures," this Court has developed a stringent standard of review for Rule 23(f) petitions.  *Sumitomo*, 262 F.3d at 140.  The standard for review "will rarely be met."  *Id.*

Rule 23(f) appeals are appropriate under two circumstances.  First, review may be granted where the petitioner, after making a "substantial showing that the district court's decision is questionable[,]" demonstrates that the certification order is a "death knell" that "will effectively terminate the litigation[.]"  *Id.* at 138-39.  Second, review may be granted where "the certification order implicates a legal question about which there is a compelling need for immediate resolution."  *Id.*  A "compelling need for immediate resolution" exists only where the legal question "is of fundamental

5

importance to the development of the law of class actions" and "is likely to escape effective review after entry of final judgment." *Id.* at 140.

Here, Argentina does not argue that the ruling below sounded a "death knell." Nor does it claim that any of the three "legal questions" it purports to raise are likely to "escape effective review" on appeal after entry of final judgment. As in *Sumitomo*, that "circumstance . . . alone, establishes an adequate basis to deny the petition." *Id.*at 142.

Argentina's sole argument for interlocutory review is there are "special circumstances" – namely the length of time these cases have been pending. (Pet. at 9.) To say the least, that is a remarkable and wholly unpersuasive argument for Argentina to make.

Argentina is a defaulted debtor that owes billions worldwide. Time is entirely on its side, and it has crafted its litigation and other judgment avoidance tactics accordingly. This Circuit has found that Argentina is a "uniquely recalcitrant debtor" and agreed with commentators that Argentina's entire approach to debt restructuring has been "coercive." *NML Capital v. Rep. of Arg.*, 727 F.3d 230, 247 and n. 13 (2d Cir. 2013). Indeed, Argentina's open defiance of the U.S. courts and their authority is so well-known that it

essentially warrants judicial notice.[1]  More importantly, this Circuit has found

that delay in default debt cases has <u>favored</u> Argentina (by, for example,

allowing it to conduct and conclude two debt exchange offers "unimpeded").

*NML Capital v. Rep. of Arg.*, 699 F.3d 246, 261 (2d Cir. 2012).[2]  Thus, it

comes as no surprise that Argentina never once argued below (let alone

submitted evidence to prove) that it has been prejudiced in any way by the

passage of time in these cases.

    Against this reality, it is simply disingenuous for Argentina to argue

that this Court's immediate review is necessary.  Argentina made similar,

---

[1]  *See, e.g., Amicus Curiae* Brief of Former Federal Judges in Opp. to the Pet.
for Writ of Certiorari of the Rep. of Arg. in *Rep. of Arg. v. NML Capital Ltd.*,
No. 13-990 (U.S. Supreme Court), dated May 7, 2014 (detailing record of
Argentina's "fugitive behavior" and evasion of U.S. court orders), available at
http://sblog.s3.amazonaws.com/wp-content/uploads/2014/05/13-990-ac-
Former-Federal-Judges.pdf.pdf.

[2]  As but one recent example of Argentina's interest in delay when it comes to
litigation against it, Argentina spent the past seven years trying to avoid an
arbitration award by arguing that the claimants failed to comply with "local
litigation" clauses.  The United States Supreme Court finally put that issue to
rest this Spring, agreeing with "the bulk of international authority" that
"clauses of this kind . . . create a considerable burden to the party seeking
arbitration . . ." and "the most likely effect of a clause of this kind is delay and
additional cost," and accepting the findings of the arbitrators that enforcing
the clause would be "absurd and unreasonable" given that Argentina had
"enacted laws that 'hindered' 'recourse to the domestic judiciary'" by parties
such as the claimants in the arbitration.  *BG Grp. PLC v. Rep. of Arg.*, __U.S.
__, 134 S.Ct. 1198, 1211-12 (2014) (internal citation omitted).

meritless arguments when it petitioned for Rule 23(f) review from the initial

class certification order in 2005.  This Court denied that petition (**Ex. 1**) – and

Argentina's objections to that certification were later heard (and rejected) on

appeal from the final judgments entered in 2009.

Finally, with neither the law nor the facts on its side, Argentina pounds

the table to demand immediate review to address various "legal questions" it

claims are "fundamental to the law of class actions."  (Pet. at 2.)  We briefly

address each of those "questions" below only to show that Argentina has

either manufactured them out of whole cloth or raises issues concerning the

notice, opt-out, and class identification process that, by definition, are not yet

ripe for review.  Even if Argentina had identified existing "legal questions,"

however, review would still be improper.  This Court has underscored that

Rule 23(f) does not serve a general "precedent-creation function" to review

even important issues of class action law.  *Weber v. U.S. Trustee*, 484 F.3d

154, 160 n.5 (2d Cir. 2007).  None of the "questions" Argentina crafts rise

even to that insufficient level.

## II.    <u>Modification of the Classes Did Not Violate the Mandate Rule</u>

Argentina's claim that the District Court "constru[ed] Rule 23(c)(1)(C)

as trumping the mandate rule" (Pet. at 2 and 9) is a red herring.  The District

Court was not asked to make such a ruling and did not do so.  This Court can

review the "class certification orders" for itself.  There is no holding that Rule

23 prevails over a "contradictory mandate from this Court."  The "rare"

mechanism of interlocutory review under Rule 23(f) should not be used to

address hypotheticals.

In any event, Argentina's argument rests on fundamentally wrong

interpretations of Rule 23(c)(1)(C) and the mandate rule.  Nothing in Rule

23(c)(1)(C) says that a district court's ongoing authority to supervise and

modify class certification orders disappears or diminishes on remand.  And

the mandate rule only bars a lower court from second-guessing or defying the

actual decisions of an appellate court on issues that were actually before the

appellate court.  The mandate rule, by definition, does not affect the power of

a trial court to consider matters that were "not expressly or implicitly part of"

the appellate decision.[3]

---

[3] *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) (emphasis added) (appeal
concerning first Rule 60(b) motion did not address and, therefore, did not
preclude subsequent Rule 60(b) motion); *Rogers v. Hill*, 289 U.S. 582, 588
(1933) (unless expressly precluded, plaintiff on remand may "file additional
pleadings, [and] vary or expand the issues[.]"); *see also Newball v. Offshore
Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) (order affirming conditional
dismissal of case did not deprive trial court of authority, on remand, to grant
plaintiff additional time to refile case in foreign country to satisfy the
conditions affirmed on appeal).

9

Here, it is undisputed that this Court's mandate in *Seijas II* was addressed <u>solely</u> to proof of class damages under the original "continuous holder" class definition. There was no issue before the Court in *Seijas II* concerning the propriety of modifying the class definition under Rule 23(c)(1)(C). Indeed, it was not until after pursuing discovery with respect to class damages, on remand, that Plaintiffs determined that a motion to modify the class definition was warranted given the inefficiencies and burdens that became evident on remand. Nothing in this Court's mandate in *Seijas II*, Rule 23(c)(1)(C), or logic supports Argentina's astounding argument that bondholders and the courts should nonetheless be stuck with what <u>Argentina</u> now asserts is an "impossible" class definition. (Pet. at 2.) "[M]andates require respect for what the higher court decided, not for what it did not decide." *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997).[4]

Argentina fares no better trying to argue that Plaintiffs somehow waived the right to seek modification of the classes by not raising the issue in *Seijas I* or *Seijas II*. (Pet. at 12.) There was no waiver. Each of the prior

---

[4] *See also Woodard v. N.Y. Health and Hosp.*, 2010 WL 2735757, at *11 (E.D.N.Y. 2010) (mandate rule not violated, even when "argument could have been – and should have been – made at an earlier stage in this litigation."); *Lamar Adver. v. Orchard Park*, 2008 WL 781865, at *4 (W.D.N.Y. 2008) (earlier appeal concerning First Amended Complaint did not "bind" court with respect to later, Second Amended Complaint).

appeals was taken <u>by Argentina</u> after the District Court had been satisfied that Plaintiffs were able to provide sufficient bases for aggregate damages calculations under the "continuous-holder" class definition.  Indeed, until the most recent round of post-remand discovery, both the District Court and the Plaintiffs believed the "continuous holder" condition was manageable and would not pose an undue burden to obtaining class recovery.

In short, Plaintiffs did not (and had no "incentive" to) challenge on appeal the very class definitions under which they had obtained class-wide judgments before the district court; the only "aggrieved" party was Argentina.[5]  The "law of the case" doctrine does not apply where, as here, Plaintiffs had no incentive to appeal given the entry of class judgments in their favor.  *Furlong v. Shalala*, 238 F.3d 227, 235 n. 4 (2d Cir. 2001). Indeed, even when objections to class certification are raised <u>and rejected</u> in

_____

[5]  The cases cited by Argentina are inapposite because they involved failures by the appellant in the earlier appeal to raise an issue that had been ripe, but was then presented for the first time on remand (*U.S. v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001); *U.S. v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995)) or an issue that <u>had been presented to the appellate court</u>, but which the appellate court had decided to "forego" as unnecessary to its remand (*Gonzalez v. Hasty*, 2012 WL 1711136, at *2 (S.D.N.Y. 2012)).

an initial appeal, the same issues can be raised under Rule 23(c)(1)(C) on remand. *U.S. v. Brennan*, 650 F.3d 65, 137 n. 78 (2d Cir. 2011).[6]

Finally, there is no basis for Argentina to claim that Plaintiffs – or the District Court – failed to conduct proceedings in accordance with the Court's mandate. (Pet. at 11.) On remand, the parties (with the District Court's supervision) agreed upon a schedule to conduct discovery directed with respect to aggregate damages under the "continuous holder" class definition. That discovery demonstrated that continuing to proceed under that definition would be extremely burdensome and inefficient, entailing discovery of multiple foreign and domestic, non-party financial institutions. Stepping back and asking "is this cause to reassess the class itself?" was not a violation of the mandate. It was an appropriate exercise of the District Court's ongoing authority to supervise class actions under Rule 23(c)(1)(C).

---

[6] *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007) and *Gene & Gene, LLC v. Biopay, LLC*, 624 F3d 698 (5th Cir. 2010) – both cited by Argentina (Pet. at 11) – are not to the contrary. Unlike the present case, those cases involved the issue of revisiting on remand (*Biopay*) or a petition for rehearing (*In re Initial Pub. Offering*) the "same issue[s]" addressed by an appellate court on an interlocutory Rule 23(f) appeal.

12

### III.    There are No Reviewable Issues Concerning Ascertainability and Due Process

Argentina also raises a host of purported concerns about whether the classes as modified are "ascertainable" and consistent with Due Process.  (Pet. at 13-15.)  Such "concerns" must be taken with a large grain of salt since Argentina's interest is in protecting itself, not its unpaid bondholders.  More importantly, review of such issues is premature because the exact process for notice, opt-out and proof of class membership has not yet been determined.

The implied requirement that a class be ascertainable is not a high bar and is plainly satisfied here.  A class definition is sufficiently ascertainable if its contours are defined by "objective criteria."  *Jeffries v. Pension Trust Fund*, 2007 WL 2454111, at *14 (S.D.N.Y. 2007); *accord Boundas v. Abercrombie & Fitch Stores, Inc.,* 280 F.R.D. 408, 417 (N.D. Ill. 2012).  Thus, in *Jeffries*, the class was ascertainable because it was defined according to whether someone was a participant in the pension plan at issue there.  And, in *Boundas*, the court found the class sufficiently ascertainable because it was defined by the objective criteria of whether someone was a gift-card holder.[7]

---

[7]  Like bonds, the gift cards at issue in *Boundas* are intended to be transferable and useable by whoever presents them.  Yet, courts have shown no hesitation in certifying classes of gift-card holders despite their transferrable nature. *Boundas*, 280 F.R.D. at 413 (claims may be brought by card purchasers "<u>or</u>

13

Here, the class is defined by indisputably "objective criteria." Individuals either do or do not hold bonds, as determined from statements.

Argentina's claim that the class is impermissibly "amorphous" because bonds can be traded (Pet. at 14) misapprehends the ascertainability requirement. The identity of individual class members need not be ascertained before class certification. *Jeffries*, at \*14; *Boundas*, at 417. Rather, the point of the ascertainability requirement is that individuals receiving notice of the class definition – by direct mail, publication, or otherwise – can determine whether they meet the objective criteria for class membership and, therefore, decide whether to opt out or remain in the class. *E.g., Boundas*, at 417 (it is sufficient "that the class be ascertain<u>able</u>").

Here, someone receiving notice of these modified classes will be able to check their statements and confirm whether they are class members. If so, they can then decide whether to opt out or not as of the deadline for opt outs. Critically, <u>unlike the prior "continuous holder" class definition</u>, the contours of the class <u>will be set</u> as of the opt-out date. If a holder does not opt out as of the deadline, they are a class member. If they then sell their bonds, the

---

their assignees") (emphasis added); *Maxwell v. Toys R Us*, 2011 WL 9373596 (Cal. Super. 2011) (certifying class of persons "who have purchased <u>or</u> <u>received</u> a . . . gift card on or after January 1, 2008 . . . .") (emphasis added).

14

purchaser substitutes in as a class member by way of assignment.[8]

Conversely, if a potential class member timely opts out, its bonds are forever excluded from the class. If that holder later sells its bonds, the new purchaser is bound by the opt-out and has no new, "springing" right to participate in the class. Thus, at the opt-out deadline, the aggregate amounts of bonds held by the class will be known, even if individual class members subsequently assign their interests in the class through sale of their bonds. By contrast, under the "continuous holder" class definition, the contour of the class was subject to change and diminution every time a class member sold its bonds – such that the final tally of class bonds could not be determined until final judgment.

Any purported concerns Argentina has regarding the adequacy of notice to be given to potential class members are premature and hypothetical. Plaintiffs have not yet submitted their detailed class notice and opt-out proposal. However, that proposal is anticipated to incorporate not only the approved notice procedures used for the initial "continuous holder" class, but additional notices promulgated through the clearing houses that handle

---

[8] It is well-settled that the rights and obligations of a bondholder pass, in full, to a purchaser or other transferee. *See, e.g., Bluebird Partners v. First Fid. Bank*, 97 N.Y.2d 456, 460-61 (2002). Likewise, class membership can be assigned. *Cordes & Co. v. A.G. Edwards*, 502 F.3d 91, 102-04 (2d Cir. 2007) (no bar on assignment of class representative status). Thus, a transferee stands in the shoes of its transferor with respect to class membership.

15

trading, as well as internet postings and other forms of continual notice. These measures will ensure that all potential purchasers of these long-defaulted bonds have notice of the class certification process so that they may make an informed decision about whether to purchase bonds that were or were not opted out of the class.[9]  Thus, there can be no deprivation of rights or property to trigger any Due Process concern:  The purchaser is getting exactly what it paid for – namely, whatever rights the seller had.[10]  Argentina will have ample opportunity to contest the adequacy of the proposed notice before the District Court.  Any "Due Process" issues are simply not ripe for review under Rule 23(f).  *See Sumitomo*, at 140 ("[I]ssues . . . whose ultimate resolution will depend on further factual development will be unlikely candidates for Rule 23(f) appeal.").

---

[9]  *See Boundas*, 280 F.R.D. at 417-18 (publication notice satisfies due process for potential members of class of unregistered gift card holders); *accord In re BGI*, 476 B.R. 812, 823-24 (Bankr. S.D.N.Y. 2012) (publication notice of bankruptcy sufficient for unregistered gift card holders).

[10]  For example, in bankruptcies, "claims trading" – including of publicly traded debt instruments – may well occur after the vote on a plan, yet the post-vote purchaser is <u>not</u> entitled to a new vote.  *E.g.*, *In re OBT Partners*, 214 B.R. 863, 869 (Bankr. N.D. Ill. 1997) ("[A] person who is a shareholder on the date the disclosure statement is approved can vote on the plan, and the vote remains valid even if the shareholder sells its stock the following week."); *In re Kellogg Square P'ship*, 160 B.R. 332, 335 (Bankr. D. Minn. 1993) (where entity acquires claim after vote on reorganization plan, assignor's vote "is a permanent, binding limitation on the transferred claim.")

**IV.  The Class Certification Orders Do Not Raise Novel Issues as to
Rule 23(c)(1)(C) and the Rule Against One-Way Intervention**

Argentina's final argument – that the order below allegedly violates a

prohibition on "one-way intervention" (Pet. at 16) – is as meritless as its other

claims.  It provides no grounds for immediate review under Rule 23(f).

Argentina does not dispute that Rule 23(c)(1)(C) expressly provides

that a class certification order "may be altered or amended <u>before final

judgment</u>." (emphasis added).[11]  Nor does it dispute that, here, there has been

no final judgment.[12]  Argentina's assertion that Rule 23 nonetheless contains

---

[11]  S*ee also Seijas*, 606 F.3d at 58; *In re J.P. Morgan Chase Cash Balance
Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009) ("A district court does have
discretion to alter or amend a class action ruling before final judgment.");
*Fleischman v. Albany Med. Ctr.*, 2010 U.S. Dist. LEXIS 23727, at *7
(N.D.N.Y. 2010) ("a court may alter or amend an order certifying a class at
any time before reaching final judgment.").  Modification may be made to
narrow <u>or expand</u> the class.  *See* Advisory Committee Notes, 2003
Amendments to Rule 23 ("If the definition of a class . . . is altered to include
members who have not been afforded notice and an opportunity to request
exclusion, notice—including an opportunity to request exclusion—must be
directed to the new class members under Rule 23(c)(2)(B).").

[12]  *See Aho v. Americredit Fin. Servs., Inc.*, 2012 WL 273763 at *1, n.1 (S.D.
Cal. 2012) ("one-way intervention" concerns were "premature" where there
had been no "final judgment" and, therefore, any rulings on merits were "not
entitled to preclusive effect."); *Bowers v. Windstream Ky. East, LLC*, 2012
WL 216616 at *1 (W.D. Ky. 2012) (entry of partial summary judgment in
favor of plaintiffs prior to class certification did not violate principle of "one-
way intervention" or any timing requirements of Rule 23).

an "absolute bar" against expansion of a class after a determination of liability (Pet. at 18) stands the established law on its head.

This Circuit "has <u>not</u> established an absolute rule against post-judgment amendments[.]" *White v. Bowen*, 116 F.R.D. 12, 15 (S.D.N.Y. 1987) (emphasis added). Amendments to class certifications are permitted post-judgment "where an amendment will not prejudice the defendant." *Id.* The Eleventh Circuit has similarly held that post-judgment expansion of a class is permitted when the arguments and evidence presented would have been the same if the expanded class had been certified prior to trial. *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 877-78, n. 28 (11th Cir.1986).[13] Indeed, multiple "Supreme Court decisions have provided for appeal of a Rule 23(b)(3) class certification denial after a decision on the merits of an action," demonstrating "tolerance for allowing, in appropriate circumstances, potential class

---

[13] Argentina mischaracterizes *Kilgo* as a case involving only non-monetary relief (Pet. at 18, n. 5) when, in fact, the plaintiffs there also sought monetary relief in the form of backpay. *Kilgo v. Bowman Transp., Inc.*, 576 F.Supp. 600 (N.D. Ga. 1984). Such claims are subject to the same notice and opt-out process applicable to damages classes. *See, e.g., Holmes v. Continental Can Co.*, 706 F.2d 1144, 1145 (11th Cir. 1983); *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2557-58 (2011) (backpay claims must meet requirements for certification under Rule 23(b)(3), not Rule 23(b)(2)). Also, contrary to Argentina's assertion, *Kilgo* rejected the "one-way intervention" argument Argentina makes here – finding that post-liability class expansion is <u>not</u> prohibited where there is no prejudice to the defendants.

members the option of joining an action after the trial court has passed on the merits . . . ." *Postow v. OBA*, 627 F.2d 1370, 1382 (D.C. Cir. 1980).[14]

Any claim that Argentina requires protection against unfair "one-way intervention" is a complete distortion of the doctrine. Where applicable, the protection against "one-way intervention" is designed to prevent potential claimants from standing on the sidelines and joining a class only after there has been a merits ruling, such that the class members can avoid the risk of an adverse decision and reap only the benefits of a victory by waiting to join the litigation. Here, there was never any "risk" of loss, as Argentina has never contested its liability on the bonds. Moreover, the modified certification orders below bear no resemblance to the "spurious" practice of claimants waiting in the wings for a favorable ruling. The whole point of the modified certification orders was to break through the log jam caused by the "continuous holder" definition, which was needlessly preventing <u>any</u> class members from obtaining recovery. Finally, in contrast to the cases Argentina

---

[14] Argentina's citation to *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980) (Pet. at n. 5) is baffling. Argentina cites to the <u>dissent</u> (445 U.S. 326, 354 n. 14), but the majority held that plaintiffs <u>were entitled</u> to continue to pursue class certification post-judgment. 445 U.S. at 340.

cites, [15] the modification in no way prejudiced Argentina.  The Republic's

outstanding debt is the same regardless of class size.  Modification of the

class did not enlarge Argentina's exposure.  It merely increased the likelihood

that unpaid bondholders will secure a <u>judgment</u>.

    As such, there are no legal issues with respect to one-way intervention

that require this Court's immediate review.

**<u>CONCLUSION</u>**

    For all of the foregoing reasons, Plaintiffs respectfully request that

Argentina's Petition be denied.

Dated:    New York, New York
         May 22, 2014      By: <u>/s/ Jennifer Scullion        </u>

                              Jennifer Scullion
                              PROSKAUER ROSE LLP
                              Eleven Times Square
                              New York, NY 10036
                              (212) 969-3000
                              jscullion@proskauer.com

                              Saul Roffe
                              Law Offices of Saul Roffe, Esq.

---

[15]  Pet. at 17-18 (citing *In re Vivendi*, 284 F.R.D. 144, 149 (S.D.N.Y. 2012)
(expansion would resurrect time-barred claims); *Escott v. BarChris Const.*,
283 F. Supp. 643, 706 (S.D.N.Y. 1968) (expansion prejudicial to defendants;
expiration of limitations period); *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681-82
(7th Cir. 2001) (certification orders would provide ability to join or opt-out of
class <u>depending on outcome of liability determinations</u>, which would put
"enormous" pressure on Sprint to settle)).

20

52 Homestead Circle
Marlboro, NJ  07746
(732) 375-9220
sroffe@gmail.com

Michael Diaz, Jr.
Carlos F. Gonzalez
Marta Colomar-Garcia
DIAZ REUS & TARG LLP
100 S.E. 2nd Street
Suite 2600
Miami, FL 33131
(305) 375-9220
mdiaz@diazreus.com
cgonzalez@diazreus.com
mcolomar@diazreus.com

*Co-Lead Counsel for Plaintiffs*

21

**EXHIBITS 1-6**

# TABLE OF CONTENTS

**Page**

Exhibit 1 -
Order of the United States, Second Circuit,
denying Rule 23(f) Petition, entered
March 1, 2006 ........................................................    1

Exhibit 2 -
Class Plaintiffs' Responses to Defendant's Third
Consolidated Request for the Production of
Documents, dated February 15, 2013 ....................    2

Exhibit 3 -
Class Plaintiffs' Responses to Defendant's Fourth
Consolidated Request for the Production of
Documents, dated February 15, 2013 ....................    10

Exhibit 4 -
The Republic of Argentina's Responses and
Objections to Class Plaintiffs' Post-Remand
Document Request, dated February 15, 2013 ........    21

Exhibit 5 -
Transcript of Proceedings held before the
Honorable Thomas P. Griesa, dated
February 21, 2014 ..................................................    33

Exhibit 6 -
Orders Granting Motions to Modify Class
Definitions and Certifying Modified Classes,
entered April 24, 2014 ..........................................    44

S.D.N.Y.
04-cv-400 (L)
Griesa, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the        day of        , two thousand six,

Present:
    Hon. Dennis Jacobs,
    Hon. Rosemary S. Pooler,
    Hon. John R. Gibson,*
        *Circuit Judges.*



| Silvia Seijas, et al., | 05-8023-mv (L) |
| | 05-8024-mv (C) |
| Respondents, | 05-8025-mv (C) |
| v. | 05-8026-mv (C) |
| | 05-8027-mv (C) |
| Republic of Argentina, | 05-8028-mv (C) |
| | 05-8029-mv (C) |
| Petitioner. | 05-8030-mv (C) |

Petitioner moves pursuant to Fed. R. Civ. P. 23(f) for an interlocutory appeal of the district court's order granting Respondents' motions for class certification. Upon due consideration, it is ORDERED that the Fed. R. Civ. P. 23(f) petition is DENIED because an immediate appeal is not warranted. *See Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139-40 (2d Cir. 2001). The Respondents' motion to strike the Petitioner's reply brief is DENIED as moot.

FOR THE COURT:
Roseana B. MacKechnie, Clerk

By: *Lucille Carr*

*The Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

SAO KBT

Jennifer Scullion
William Weisman
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900
jscullion@proskauer.com
wweisman@proskauer.com
*Co-Lead Counsel for Plaintiff Classes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 400 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 401 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| CESAR RAUL CASTRO, | : | 04 Civ. 506 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| HICKORY SECURITIES LTD., | : | 04 Civ. 936 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

**CLASS PLAINTIFFS' RESPONSES TO DEFENDANT'S THIRD
<u>CONSOLIDATED REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>**

3

| | | |
|---|---|---|
| ELIZABETH ANDREA AZZA, et al, | x | 04 Civ. 937 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------x | | |
| ELIZABETH ANDREA AZZA, et al., | : | 04 Civ. 1085 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| | : | |
| ----------------------------------------------------------------x | | |
| EDUARDO PURICELLI, | : | 04 Civ. 2117 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------x | | |
| RUBEN DANIEL CHORNY, | : | 04 Civ. 2118 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------- x | | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Class Plaintiffs in the above-captioned actions hereby respond and object to The Republic of Argentina's ("Defendant") Third Consolidated Request for the Production of Documents (the "Requests") as follows:

**GENERAL RESPONSES**

1. Class Plaintiffs will conduct a reasonable search for documents responsive to non-objectionable portions of the Requests.

2. Class Plaintiffs' responses and objections shall not be deemed to constitute a

representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence, or that any statement or characterization in the Requests is accurate or complete. Rather, Class Plaintiffs' agreement to produce documents in response to any request means only that responsive documents will be produced if they exist, are in Class Plaintiffs' possession, custody, or control, can be located with reasonable diligence, and are not otherwise protected from disclosure.

3. Each of the Class Plaintiffs will only produce documents regarding their holdings of the particular bonds on which they are suing and will not produce documents regarding any bonds held by or at issue with respect to other plaintiffs.

4. By producing documents in response to any request, Class Plaintiffs do not concede that the documents produced are properly discoverable, and Class Plaintiffs reserve the right at any time to revise, amend, supplement, correct, clarify, or add to their responses and objections to the Requests. Class Plaintiffs also reserve all objections and other questions as to competency, relevance, materiality, privilege, or admissibility as evidence of any documents or information produced in response to the Requests. Class Plaintiffs also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

5. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, research and review concerning the Requests are continuing, and Class Plaintiffs reserve the right to supplement this response and the production of documents if or when warranted.

<u>**GENERAL OBJECTIONS**</u>

1. Class Plaintiffs object to all instructions, definitions, and requests to the extent that they purport to impose obligations or requirements beyond those contained in the Federal Rules

of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law.  Class Plaintiffs will respond to the Requests consistent with these rules.

2.    Class Plaintiffs object to the definitions of "Plaintiffs," "You," and "Your" to the extent that they require Class Plaintiffs to produce documents or information that is not in Class Plaintiffs' possession, custody, or control.

3.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they are not appropriately limited in time or scope, or are not otherwise narrowly tailored to avoid imposing undue burden or expense on Class Plaintiffs.

4.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they are overly broad, vague or ambiguous, unduly burdensome or oppressive, or seek duplicative information.

5.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek the production of any document already within the possession, custody, or control of Defendant or Defendant's counsel, or are otherwise available in the public domain and are therefore equally available to all parties.

6.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek disclosure of information not relevant to the claims or defenses of any party or are not reasonably calculated to lead to the discovery of admissible evidence.

7.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek documents protected by the attorney-client privilege, work-product doctrine, or any other privilege, protection, or immunity.

8.    The production of any document that is privileged or that was prepared in anticipation of litigation is inadvertent and not intended to constitute a waiver of privilege or of any other ground for objection to discovery of such document, the information contained therein, or the subject matter thereof.  Class Plaintiffs request that any such document be returned immediately without reviewing or making a copy of the document.

<u>**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**</u>

Class Plaintiffs incorporate by reference as though fully set forth herein each of the General Responses and General Objections as to each response and objection listed below.  The assertion of the same, similar, or additional objections in any specific response does not waive the General Objections.

<u>**Request No. 1:**</u>

All documents concerning Your continuous ownership of a beneficial interest in Republic Indebtedness since the filing of Your Complaint(s).

<u>**Response:**</u>

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents sufficient to show current ownership of a beneficial interest in Republic Indebtedness.

**Request No. 2:**

All documents concerning any transaction by You or on Your behalf involving any beneficial interest in any Republic Indebtedness, or any other beneficial interest in any defaulted Republic bond, since January 16, 2004, including, but not limited to, confirmation slips, brokerage records, or account statements.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and

not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further

object to this Request because it duplicates document requests that Defendant served, and to

which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General

Objections, Class Plaintiffs state that they will perform a reasonable search for responsive

documents and produce any non-privileged and non-protected documents identified as a result of

that search, except for those documents that have already been produced.

**Request No. 3:**

All documents concerning any transaction by any person involving any beneficial interest in any Republic Indebtedness, or any other beneficial interest in any defaulted Republic bond, since January 16, 2004, other than those documents produced in response to Document Request No. 2, and other than those documents that solely reflect the tendering of any beneficial interest in a Republic bond in the Republic's voluntary Exchange Offer of 2005 or 2010.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and

not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further

object to this Request because it duplicates document requests that Defendant served, and to

which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General

Objections, Class Plaintiffs state that they will perform a reasonable search for responsive

documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**Request No. 4:**

    All documents from any time concerning any estimation, analysis, or calculation of the aggregate judgments entered, or to be entered, in any of the above-captioned actions.

**Response:**

    Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

    Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search.

Dated:      New York, New York
             February 15, 2013

PROSKAUER ROSE LLP

/s/
_____
Jennifer R. Scullion
William H. Weisman

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Phone: (212) 969-3000
jscullion@proskauer.com
wweisman@proskauer.com

*Co-Lead Counsel for Class Plaintiffs*

Jennifer Scullion
William Weisman
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900
jscullion@proskauer.com
wweisman@proskauer.com
*Co-Lead Counsel for Plaintiff Classes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SILVIA SEIJAS, et al,                                : 04 Civ. 400 (TPG)
                                    Plaintiffs,       :
                    -against-                         :
                                                      :
THE REPUBLIC OF ARGENTINA,                           :
                                    Defendant.        :
-----------------------------------------------------------------x
SILVIA SEIJAS, et al,                                : 04 Civ. 401 (TPG)
                                    Plaintiffs,       :
                    -against-                         :
                                                      :
THE REPUBLIC OF ARGENTINA,                           :
                                    Defendant.        :
-----------------------------------------------------------------x
CESAR RAUL CASTRO,                                   : 04 Civ. 506 (TPG)
                                    Plaintiff,        :
                    -against-                         :
                                                      :
THE REPUBLIC OF ARGENTINA,                           :
                                    Defendant.        :
-----------------------------------------------------------------x
HICKORY SECURITIES LTD.,                             : 04 Civ. 936 (TPG)
                                    Plaintiff,        :
                    -against-                         :
                                                      :
THE REPUBLIC OF ARGENTINA,                           :
                                    Defendant.        :
-----------------------------------------------------------------x

**CLASS PLAINTIFFS' RESPONSES TO DEFENDANT'S FOURTH
<u>CONSOLIDATED REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>**

| ELIZABETH ANDREA AZZA, et al, | x | 04 Civ. 937 (TPG) |
|---|---|---|
| Plaintiffs, | : | |
| -against- | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

| ELIZABETH ANDREA AZZA, et al., | : | 04 Civ. 1085 (TPG) |
|---|---|---|
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| | : | |

-----------------------------------------------------------------x

| EDUARDO PURICELLI, | : | 04 Civ. 2117 (TPG) |
|---|---|---|
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

| RUBEN DANIEL CHORNY, | : | 04 Civ. 2118 (TPG) |
|---|---|---|
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

----------------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Class Plaintiffs in the above-captioned actions hereby respond and object to defendant The Republic of Argentina's ("Defendant") Fourth Consolidated Request for the Production of Documents (the "Requests") as follows:

## GENERAL RESPONSES

1.    Class Plaintiffs will conduct a reasonable search for documents responsive to non-objectionable portions of the Requests.

2.    Class Plaintiffs' responses and objections shall not be deemed to constitute a

12

representation or admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence, or that any statement or characterization in the Requests is accurate or complete.  Rather, Class Plaintiffs' agreement to produce documents in response to any request means only that responsive documents will be produced if they exist, are in Class Plaintiffs' possession, custody, or control, can be located with reasonable diligence, and are not otherwise protected from disclosure.

3.   Each of the Class Plaintiffs will only produce documents regarding their holdings of the particular bonds on which they are suing and will not produce documents regarding any bonds held by or at issue with respect to other plaintiffs.

4.   By producing documents in response to any request, Class Plaintiffs do not concede that the documents produced are properly discoverable, and Class Plaintiffs reserve the right at any time to revise, amend, supplement, correct, clarify, or add to their responses and objections to the Requests.  Class Plaintiffs also reserve all objections and other questions as to competency, relevance, materiality, privilege, or admissibility as evidence of any documents or information produced in response to the Requests.  Class Plaintiffs also reserve the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

5.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, research and review concerning the Requests are continuing, and Class Plaintiffs reserve the right to supplement this response and the production of documents if or when warranted.

## GENERAL OBJECTIONS

1.   Class Plaintiffs object to all instructions, definitions, and requests to the extent that they purport to impose obligations or requirements beyond those contained in the Federal Rules

-3-

of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law. Class Plaintiffs will respond to the Requests consistent with these rules.

2.    Class Plaintiffs object to the definitions of "Plaintiffs," "You," and "Your" to the extent that they require Class Plaintiffs to produce documents or information that is not in Class Plaintiffs' possession, custody, or control.

3.    Class Plaintiffs object to any request concerning general "Republic bonds" to the extent that it seeks documents or information on bonds other than those on which the individual plaintiffs are suing.

4.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they are not appropriately limited in time or scope, or are not otherwise narrowly tailored to avoid imposing undue burden or expense on Class Plaintiffs.

5.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they are overly broad, vague or ambiguous, unduly burdensome or oppressive, or seek duplicative information.

6.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek the production of any document already within the possession, custody, or control of Defendant or Defendant's counsel, or are otherwise available in the public domain and are therefore equally available to all parties.

7.    Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek disclosure of information not relevant to the claims or defenses of any party or are not reasonably calculated to lead to the discovery of admissible evidence.

8. Class Plaintiffs object to the Requests (including the "Definitions" and "Instructions") to the extent that they seek documents protected by the attorney-client privilege, work-product doctrine, or any other privilege, protection, or immunity.

9. The production of any document that is privileged or that was prepared in anticipation of litigation is inadvertent and not intended to constitute a waiver of privilege or of any other ground for objection to discovery of such document, the information contained therein, or the subject matter thereof. Class Plaintiffs request that any such document be returned immediately without reviewing or making a copy of the document.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Class Plaintiffs incorporate by reference as though fully set forth herein each of the General Responses and General Objections as to each response and objection listed below. The assertion of the same, similar, or additional objections in any specific response does not waive the General Objections.

**Request No. 1:**

All documents concerning actual, estimated, or projected volumes of Trading in any beneficial interest in any Republic Indebtedness, or any other beneficial interest in any defaulted Republic bond, since December 2001.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive

-5-

documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**Request No. 2:**

      All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of any beneficial interest in any Republic Indebtedness, or any other beneficial interest in any defaulted Republic bond, whose holdings are not currently at issue in any litigation or arbitration against the Republic.

**Response:**

      Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

      Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**Request No. 3:**

      All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of any beneficial interest in any Republic Indebtedness who have held any or all of such interest continuously throughout the Class Period.

**Response:**

      Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further

object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**<u>Request No. 4:</u>**

All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of any beneficial interest in Republic Indebtedness who have not held any or all of such beneficial interest since December 2001.

**<u>Response:</u>**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports

**<u>Request No. 5:</u>**

All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of any beneficial interest in Republic Indebtedness who have Traded any or all of that beneficial interest in any secondary market since December 2001.

**<u>Response:</u>**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**<u>Request No. 6:</u>**

All documents concerning any knowledge or effort to obtain knowledge of or to track Trading in any beneficial interest in Republic Indebtedness in any secondary market since December 2001.

**<u>Response:</u>**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**Request No. 7:**

All documents concerning participation in the Republic's voluntary exchange offer of 2005, including participation by holders of any beneficial interest in any Republic Indebtedness.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

**Request No. 8:**

All documents concerning participation in the Republic's voluntary exchange offer of 2010, including participation by holders of any beneficial interest in any Republic Indebtedness.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of

that search, except for those documents that have already been produced and general news and market reports.

**Request No. 9:**

All documents concerning any beneficial interest in any Republic Indebtedness that is the subject of any lawsuit or arbitration other then the above-captioned actions.

**Response:**

Class Plaintiffs object to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs further object to this Request because it duplicates document requests that Defendant served, and to which Class Plaintiffs responded, earlier in the case.

Subject to and without waiving any of these objections or Class Plaintiffs' General Objections, Class Plaintiffs state that they will perform a reasonable search for responsive documents and produce any non-privileged and non-protected documents identified as a result of that search, except for those documents that have already been produced and general news and market reports.

Dated:      New York, New York
              February 15, 2013

PROSKAUER ROSE LLP


/s/
Jennifer R. Scullion
William H. Weisman

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Phone: (212) 969-3000
jscullion@proskauer.com
wweisman@proskauer.com

*Co-Lead Counsel for Class Plaintiffs*

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SILVIA SEIJAS, HEATHER M. MUNTON, and          :
THOMAS L. PICO ESTRADA,                         :          04 Civ. 400 (TPG)
                    Plaintiffs,                 :
              - against -                        :
THE REPUBLIC OF ARGENTINA,                      :
                    Defendant.                   :
------------------------------------------------------------ X
SILVIA SEIJAS, EMILIO ROMANO, RUBEN            :
WEISZMAN, ANIBAL CAMPO and MARIA COPATI,       :          04 Civ. 401 (TPG)
                    Plaintiffs,                 :
              - against -                        :
THE REPUBLIC OF ARGENTINA,                      :
                    Defendant.                   :
------------------------------------------------------------ X
CESAR RAUL CASTRO,                              :
                    Plaintiff,                   :          04 Civ. 506 (TPG)
              - against -                        :
THE REPUBLIC OF ARGENTINA,                      :
                    Defendant.                   :
------------------------------------------------------------ X
HICKORY SECURITIES, LTD.,                       :
                    Plaintiff,                   :          04 Civ. 936 (TPG)
              - against -                        :
THE REPUBLIC OF ARGENTINA,                      :
                    Defendant.                   :
------------------------------------------------------------ X
*(captions continue on following pages)*

**THE REPUBLIC OF ARGENTINA'S RESPONSES AND OBJECTIONS TO CLASS
PLAINTIFFS' POST-REMAND DOCUMENT REQUEST**

```
-------------------------------------------------------------- X
                                                             :
ELIZABETH ANDREA AZZA, CLAUDIA FLORENCIA :       04 Civ. 937 (TPG)
VALLS and HICKORY SECURITIES, LTD.,          :
                                                             :
                    Plaintiffs,             :
                                                             :
                    - against -             :
                                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                                             :
                    Defendant.              :
-------------------------------------------------------------- X
                                                             :
ELIZABETH ANDREA AZZA, RODOLFO               :
VOGELBAUM and HICKORY SECURITIES, LTD.,      :   04 Civ. 1085 (TPG)
                                                             :
                    Plaintiffs,             :
                                                             :
                    - against -             :
                                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                                             :
                    Defendant.              :
-------------------------------------------------------------- X
                                                             :
EDUARDO PURICELLI,                           :
                                                             :
                    Plaintiff,              :   04 Civ. 2117 (TPG)
                                                             :
                    - against -             :
                                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                                             :
                    Defendant.              :
-------------------------------------------------------------- X
                                                             :
REUBEN DANIEL CHORNY,                        :
                                                             :
                    Plaintiff,              :   04 Civ. 2118 (TPG)
                                                             :
                    - against -             :
                                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                                             :
                    Defendant.              :
-------------------------------------------------------------- X
```

Defendant the Republic of Argentina (the "Republic") responds as follows pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Southern District of New York to Class Plaintiffs' ("Plaintiffs") Post-Remand Document Request to Defendant the Republic of Argentina, dated January 11, 2013 (the "Requests"):

## GENERAL OBJECTIONS

Each of the Republic's responses is made subject to and without waiving the following objections (the "General Objections"). No objection or limitations or agreement to produce documents or information, or lack thereof, made in these responses and objections shall be deemed an admission by the Republic as to the existence or non-existence of documents or information.

1.     The Republic objects to the Requests to the extent they are unduly burdensome or overly broad, impose extreme hardship or would result in the expenditure of unnecessary time or resources.

2.     The Republic objects to all definitions, instructions and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

3.     The Republic objects to the Requests to the extent they purport to call for information or documents not presently in the possession of the Republic, but in the possession of third parties or separate legal entities.

4.     The Republic objects to the Requests to the extent they purport to call for information or documents in the public domain or not in the exclusive possession, custody, or

control of the Republic.  Such requests are beyond the scope of permissible discovery, would impose an undue burden on the Republic, and are an attempt to require the Republic to prepare Plaintiffs' case.  Such information and documents are as available to Plaintiffs as they are to the Republic.

       5.     The Republic objects to the Requests to the extent they seek information or documents, which are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

       6.     The Republic objects to the Requests to the extent they attempt to shift Plaintiffs' burden of establishing damages to the Republic.

       7.     The Republic objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine or the deliberative process privilege, or are otherwise protected from disclosure.

       8.     The Republic objects to the Requests to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent they state or assume legal conclusions.  In responding, the Republic does not admit the factual or legal premise of any Request.

       9.     The Republic objects to the Requests to the extent they define "Argentina" to include any person or entity acting or purporting to act on Argentina's behalf, at Argentina's direction, or for Argentina's benefit.  Such requests are overbroad, unduly burdensome, and improper.

      10.     The Republic objects to the Requests to the extent they define "Argentina Bonds" to include all bonds issued by Argentina which became subject to Argentina's default

2

and were eligible to participate in either of the Republic's exchange offers. Such definition is

overbroad, unduly burdensome, and improper.

**SPECIFIC RESPONSES AND OBJECTIONS**

     **1.**     **All documents concerning actual, estimated or projected volumes of Trading in any of the Class Bond Series during the Class Period.**

     <u>Response to Request No. 1</u>: Subject to and without waiving the foregoing

General Objections, the Republic will produce non-privileged documents, if any, responsive to

this Request.

     **2.**     **All documents concerning actual, estimated or projected prices of Trading in any of the Class Bond Series during the Class Period.**

     <u>Objection and Response to Request No. 2</u>: In addition to the General Objections,

the Republic objects to this Request to the extent that it seeks documents that are not relevant to

any claim or defense in this action or reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving the foregoing Specific and General Objections, the

Republic will produce non-privileged documents, if any, responsive to this Request.

     **3.**     **All documents concerning actual, estimated or projected volumes of Retrading in any of the Class Bond Series during the Class Period.**

     <u>Objection and Response to Request No. 3</u>: In addition to the General Objections,

the Republic objects to this Request on the ground that the Republic is unable based on publicly

available information to distinguish "Trading" from "Retrading" in any Class Bond Series and,

in light of the electronic nature of trading, it does not believe the specific information sought

would be available at all except as may be known by particular parties in a private capacity.

Relevant information would exist in the form of broad trading volumes and information as per

particular trades.

3

4.     **All documents concerning actual, estimated or projected prices of Retrading in any of the Class Bond Series during the Class Period.**

Objection and Response to Request No. 4: In addition to the General Objections, the Republic objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Request on the ground that the Republic is unable based on publicly available information to distinguish "Trading" from "Retrading" in any Class Bond Series and, in light of the electronic nature of trading, it does not believe the specific information sought would be available at all except as may be known by particular parties in a private capacity. Relevant information would exist in the form of broad trading volumes and information as per particular trades.

5.     **All documents concerning actual, anticipated, estimated or projected participation in the 2005 Exchange Offer, including participation by holders of the Class Bond Series.**

Objection and Response to Request No. 5: In addition to the General Objections, the Republic objects to this Request on the ground that it is directed at information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. The Republic further objects to this Request on the ground that it seeks information that the Republic previously provided to Plaintiffs and of which Plaintiffs are otherwise in possession. The Republic refers Plaintiffs to the letter of Carmine Boccuzzi, dated July 7, 2010, as well as the Republic's Form 18-K for the fiscal year ending December 31, 2006.

6.     **All documents concerning actual, anticipated, estimated or projected participation in the 2010 Exchange Offer, including participation by holders of the Class Bond Series.**

Objection and Response to Request No. 6: In addition to the General Objections, the Republic objects to this Request on the ground that it is directed at information that is neither

relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery

of admissible evidence. The Republic further objects to this Request on the ground that it is

duplicative of Plaintiffs' previous requests for information in this action, to which the Republic

has responded. The Republic refers Plaintiffs to the letter of Carmine Boccuzzi, dated August

18, 2010.

       **7.    All documents concerning any investigation, study or analyses of the actual or potential reasons why holders of Argentina Bonds did or did not (or would or would not) participate in one or both of the Exchange Offers.**

       <u>Objection and Response to Request No. 7</u>: In addition to the General Objections,

the Republic objects to this Request on the ground that it seeks information that is neither

relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery

of admissible evidence. The Republic further objects to the Request on the ground that the term

"potential reasons" is vague and ambiguous.

       **8.    All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of Argentina Bonds (including any current holders of the Class Bond Series) whose holdings are not currently at issue in any litigation or arbitration against Argentina.**

       <u>Objection and Response to Request No. 8</u>: In addition to the General Objections,

the Republic objects to this Request on the ground that it seeks information that is not relevant to

any claim or defense in this action nor reasonably calculated to lead to the discovery of

admissible evidence. The Republic further objects to this Request on the ground that the phrase

"potential identities" is vague and ambiguous. Additionally, the Republic objects to this Request

to the extent that the use of the phrase "effort to obtain knowledge" implies or indicates that the

Republic has any obligation to undertake any such effort, or seeks discovery of information

protected by the attorney-client privilege and/or the work-product doctrine. Subject to and

without waiving the foregoing Specific and General Objections, the Republic will produce non-privileged documents, if any, responsive to this Request.

**9.    All documents concerning any knowledge or effort to obtain knowledge of the actual or potential identities of any current holders of Class Bond Series who have held any or all of such bonds continuously throughout the Class Period Class Members.**

<u>Objection and Response to Request No. 9</u>:  In addition to the General Objections, the Republic objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  The Republic further objects to this Request on the ground that the phrase "potential identities" is vague and ambiguous.  Additionally, the Republic objects to this request to the extent that the use of the phrase "effort to obtain knowledge" implies or indicates that the Republic has any obligation to undertake any such effort, or seeks discovery of information protected by the attorney-client privilege and/or the work-product doctrine.  Subject to and without waiving the foregoing Specific and General Objections, the Republic will produce non-privileged documents, if any, responsive to this Request.

**10.    All documents concerning any calculations or efforts to calculate Argentina's actual, estimated, projected or potential liability to any or all of the Classes.**

<u>Objection and Response to Request No. 10</u>:  In addition to the General Objections, the Republic objects to this Request to the extent that the use of the phrase "efforts to calculate" implies or indicates that the Republic has any obligation to undertake any such efforts, or seeks discovery of information protected by the attorney-client privilege and/or the work-product doctrine.  Subject to and without waiving the foregoing Specific and General Objections, the Republic will produce non-privileged documents, if any, responsive to this Request.

6

**11.     All documents concerning any calculations or efforts to calculate the actual, estimated, projected or potential face amount of bonds held in the Class Bond Series held continuously throughout the Class Period by the current holders.**

Objection and Response to Request No. 11:  In addition to the General

Objections, the Republic objects to this Request to the extent that the use of the phrase "efforts to

calculate" implies or indicates that the Republic has any obligation to undertake any such efforts,

or seeks discovery of information protected by the attorney-client privilege and/or the work-

product doctrine.   Subject to and without waiving the foregoing Specific and General

Objections, the Republic will produce non-privileged documents, if any, responsive to this

Request.

**12.     All documents concerning any calculations or efforts to calculate Argentina's actual, estimated, projected or potential liability to any current holders of Argentina Bonds (including any current holders of the Class Bond Series) whose holdings are not currently at issue in any litigation or arbitration against Argentina.**

Objection and Response to Request No. 12:  In addition to the General

Objections, the Republic objects to this Request to the extent that the use of the phrase "efforts to

calculate" implies or indicates that the Republic has any obligation to undertake any such efforts,

or seeks discovery of information protected by the attorney-client privilege and/or the work-

product doctrine.  Subject to and without waiving the foregoing Specific and General Objections,

the Republic will produce non-privileged documents, if any, responsive to this Request.

**13.     All documents concerning any calculations or efforts to calculate the actual, estimated, projected or potential face amount of Argentina bonds (including bonds in the Class Bond Series) currently held by holders whose holdings are not currently at issue in any litigation or arbitration against Argentina.**

Objection and Response to Request No. 13:  In addition to the General

Objections, the Republic objects to this Request to the extent that the use of the phrase "efforts to

calculate" implies or indicates that the Republic has any obligation to undertake any such efforts,

or seeks discovery of information protected by the attorney-client privilege and/or the work-product doctrine.   Subject to and without waiving the foregoing Specific and General Objections, the Republic will produce non-privileged documents, if any, responsive to this Request.

**14.    All documents concerning any effort by Argentina to identify, calculate or distinguish Argentina Bonds that have been Traded or Retraded during the Class Period from Argentina Bonds that have been continuously held during the Class Period.**

<u>Objection and Response to Request No. 14</u>:  In addition to the General Objections, the Republic objects to this Request on the ground that the Republic is unable based on publicly available information to distinguish beneficial interests in Argentina Bonds that have been "Traded" or "Retraded" from those that have been held continuously and, in light of the electronic nature of trading, it does not believe the specific information sought would be available at all except as may be known by particular parties in a private capacity.  Relevant information would exist in the form of broad trading volumes and information as per particular trades.  The Republic further objects to this Request on the ground that the phrase "effort to identify, calculate or distinguish" implies or indicates that the Republic has any obligation to undertake any such effort, or seeks discovery of information protected by the attorney-client privilege and/or the work-product doctrine.  Subject to and without waiving the foregoing Specific and General Objections, the Republic will produce non-privileged documents, if any, responsive to this request.

8

**15.    All documents concerning any consideration, discussion or decision by Argentina of whether to exclude from the Exchanges any Argentina Bonds based on when the Bonds were acquired by the holder, including whether the holder acquired the Bonds after the announcement of the December 2001 moratorium on payment and default.**

Objection and Response to Request No. 15:  In addition to the General Objections, the Republic objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the above objection, pursuant to the terms of the Exchanges, no owner of a beneficial interest in Argentina Bonds was excluded from the Exchanges based on when such beneficial interest was acquired.

## RESERVATION OF RIGHTS

1.    To the extent the Republic produces documents in response to the Requests, it does so without conceding the materiality, admissibility, or relevance of any such documents, or of any other substantive responses to the Requests.

2.    The Republic reserves all objections to the use of these responses and of any documents it produces.  All such objections may be interposed by the Republic at the time of any hearing, trial, or other court appearance, or as otherwise required by the rules or order of the Court.

3.    The Republic reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4.    Insofar as the intentional production of any document by the Republic pursuant to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only.  Any inadvertent production of any document shall not be deemed or construed to constitute a waiver

9

of any privilege or right of the Republic, and the Republic reserves its right to demand that

Plaintiffs return to it any such document and all copies thereof.

Dated: New York, New York
       February 15, 2013

                CLEARY GOTTLIEB STEEN & HAMILTON
                LLP

                By: _____

                   Jonathan I. Blackman (jblackman@cgsh.com)
                   Carmine D. Boccuzzi (cboccuzzi@cgsh.com)


                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                Attorneys for the Republic of Argentina

TO:     Jennifer Scullion
        Proskauer Rose LLP
        Eleven Times Square
        New York, New York 10036
        (212) 969-3655

        Howard Barry Sirota
        Sirota & Sirota, LLP
        125 Beach 128th Street
        Belle Harbor, NY 11694
        (212) 425-9055

        Michael Diaz, Jr.
        Diaz, Reus, & Targ, LLP
        100 S.E. 2nd Street, Suite 2600
        Miami, FL 33131
        (305) 375-9220

        Attorneys for Plaintiffs

1

E2l6seic

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    SILVIA SEIJAS, et al.,

4                    Plaintiffs,

5              v.                        04 CR 400(TPG)

6    THE REPUBLIC OF ARGENTINA,

7                    Defendant.

8    ------------------------------x
                                       New York, N.Y.
9                                      February 21, 2014
                                       10:30 a.m.
10
     Before:
11
                     HON. THOMAS P. GRIESA,
12
                                       District Judge
13
                         APPEARANCES
14
     HAGENS BERMAN SOBOL SHAPIRO, LLP
15         Attorneys for Plaintiffs Brecher and Class
     BY:  JASON A. ZWEIG
16
     SAUL ROFFE, ESQ.
17         Attorney for Plaintiffs

18   PROSKAUER ROSE, LLP
           Attorneys for Plaintiffs
19   BY:  JENNIFER R. SCULLION
           TODD MOBLEY
20
     CLEARY GOTTLIEB STEEN & HAMILTON, LLP
21         Attorneys for Defendant
     BY:  CARMINE BOCCUZI
22         DANIEL NORTHROP

23

24

25


                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

34

E2l6seic

1          (In open court; case called)

2          THE DEPUTY CLERK:  For a conference Seijas V. Republic

3     of Argentina.

4          Plaintiffs ready?

5          MR. ZWEIG:  Yes, sir.

6          THE DEPUTY CLERK:  Defendant ready?

7          MR. BOCCOZI:  Yes.

8          THE COURT:  What motions do I have now?

9          MS. SCULLION:  Your Honor, Jennifer Scullion for

10    plaintiffs.  You have before you a motion to modify the class

11    definition in the eight cases that we brought on behalf of

12    plaintiffs as well as additional cases brought by Mr. Zweig's

13    firm.

14         THE COURT:  Is there a similar motion in the

15    Brecher -- am I saying it right?

16         MR. ZWEIG:  Brecher, your Honor.  Yes, there is.  It's

17    the exact same motion.

18         THE COURT:  Can I ask this:  Do you have an estimate

19    of how many people are in the classes now?

20         MS. SCULLION:  Your Honor, we do not have an estimate

21    of the number of individual holders if you will.  We did have

22    estimates of what we understood to be the amount of bonds

23    outstanding in the classes that were not held by opt-outs that

24    were not in the exchange offers, that were not in other

25    litigation.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3

E2l6seic

1          THE COURT:  What is that estimate?

2          MS. SCULLION:  So I have it broken down bond by bond

3     including principal, note, prejudgment interest.

4          THE COURT:  Look, if you can give me an aggregate

5     figure of what you're representing in terms of the amount.

6          MS. SCULLION:  Your Honor, I am going to do the math

7     quickly in my head with the prejudgment interest as of 2011.

8     It was in excess of half a billion dollars.  My recollection it

9     was closer to 700 million.  Again, that would have changed in

10    terms of prejudgment interest at this time.

11         THE COURT:  Okay.

12         MS. SCULLION:  Your Honor, you asked in terms of the

13    class and the issue we have of course is that these estimates

14    do not take into account which of those bonds are held only by

15    continuous holders and that is the issue that we've attempted

16    to take discovery on.  What we have found is that the facts in

17    Argentina has -- the facts that we have access to do not allow

18    us in themselves to determine who are continuous holders.

19         THE COURT:  Can I interrupt you.  I just want to get

20    an idea in rough terms of what the classes amount to now.

21    Because much exchange offers and other circumstances, the

22    classes have gone down to some minimal amount or something.

23    You get my point?

24         MS. SCULLION:  Right.

25         THE COURT:  I just want to know if we still got

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

E2l6seic

1    substantial class actions because there keeps being litigation

2    about the issues we've talked about and the Court of Appeals.

3    So there is a lot of litigation about this.  So is it dealing

4    with a substantial amount of bonds or is it now become de

5    minimis?

6         MS. SCULLION:  Your Honor, there certainly is a

7    substantial amount of bonds out there -- I want to be clear --

8    that are not otherwise being accounted for in other litigation

9    or exchange offers.  So there are people who have not yet been

10   paid.

11        THE COURT:  Who are members of your classes.

12        MS. SCULLION:  Well, this is the question, your Honor:

13   Under the class definition as certified some of those

14   individuals would be members of our class, that would be

15   continuous holders; but there are noncontinuous holders out

16   there who would not be part of the class.  We are bringing this

17   motion because as I said we've taken discovery domestically.

18        THE COURT:  Let me ask you a more refined question:

19   What is the amount involved -- what do you call it? -- the

20   noncontinuous?

21        MS. SCULLION:  Your Honor, that is exactly the

22   question we've been trying to determine in domestic discovery.

23   The domestic discovery has not yielded the answer.  We are at

24   the point we could take non party discovery domestically to

25   find out who are the continuous versus the noncontinuous

5

E2l6seic

1    holders.  At this point we believe that that discovery would be

2    unduly burdensome to have to try to go to foreign brokers.

3           THE COURT:  Please let me interrupt you.

4           MS. SCULLION:  Sure.

5           THE COURT:  What has gone on here is a lot the

6    litigation and in one sense it is a total waste of time because

7    the Republic isn't paying these judgments and has no intention

8    as far as I know of paying them yet there is litigation about

9    the amount of the judgments and the calculations of the

10    judgments and has gone to the Court of Appeals twice on

11    something which if it were finally ascertained the exact proper

12    way and the amounts of these judgments and the magic day would

13    come and those judgments we presented to the Republic, well,

14    what would happen?  Nothing.

15           MS. SCULLION:  Your Honor--

16           THE COURT:  It doesn't mean that the judgments are

17    academic.  There should be judgments because the day could very

18    well come where something will happen.  But right now the

19    Republic makes all these arguments and goes up to the Court of

20    Appeals with no intention of paying the judgments that are

21    being debated about.  So it is really a strange exercise, but

22    we've got to keep going at it.

23           Look, let me drop my question.  I am wasting time.

24    There have been papers and it seems to me that someone who

25    bought after the class certification they buy a bond, the bond

6

E2l6seic

1  has been defaulted on.  I will assume it is a bond that has

2  been defaulted on.  They get all the rights of the seller,

3  which obviously have their limitations on what the seller can

4  do and we understand all that.  Whatever the seller owns, the

5  seller can transfer; right?

6          MS. SCULLION:  Right.

7          THE COURT:  Of course they can.  The person who buys

8  from that seller, buys the rights to a defaulted bond.

9  Whatever those rights are, they are, and their limits.

10          But they are rights; right?

11          MR. ZWEIG:  Correct.

12          MS. SCULLION:  Correct, your Honor, including class.

13          THE COURT:  And it seems to me that going back in

14  history when we originally defined the classes, it was the idea

15  that they would be most manageable if they had the limitations

16  that were imposed and the classes were people who owned at the

17  time the classes were certified and would continue to own until

18  judgment.

19          That is the original class definitions; right?

20          MS. SCULLION:  With one modification, your Honor.  The

21  people that owned as of the time the complaint was filed and

22  continually held through the date of judgment.  The starting

23  point is not class certification.  It is earlier.  You have the

24  general idea.

25          THE COURT:  Right.  Of course.  Now, Brecher, did we

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

                                                              7
        E2l6seic

1    use the same?

2            MR. ZWEIG:  Yes, your Honor.

3            THE COURT:  Now, I don't see any reason at all why the

4    Court lacks discretion to expand the class definitions

5    including people who bought after the complaints, but they have

6    a right to buy.  Their bonds have been defaulted on.  And what

7    the classes were asserting, the existing classes are asserting,

8    is whatever rights exist or defaulted bondholders.  And if you

9    become a defaulted bondholder by buying a bond, I see

10   absolutely no reason why the class cannot include those people

11   and also it could streamline arriving at judgments and that is

12   a desirable thing.  Nobody has the right, including the

13   Republic, to make it as difficult as possible.  We should make

14   it as efficient as possible.  So I am certainly happy to hear

15   discussion, but it seems to me the motions should be granted.

16           MR. BOCCOZI:  Your Honor, may I speak to that?

17           THE COURT:  Sure.

18           MR. BOCCOZI:  Thank you.  Carmine Boccuzi from Cleary

19   Gottlieb for the Republic.

20           In terms of the selling of the bonds and the trading

21   everybody agrees has been going on since before the default and

22   since the default to the present day, when a person buys in a

23   secondary market, they may be buying for any number of reasons.

24   They may be buying because they want to trade the bond on, sell

25   it to someone else.  They may doing it because they are taking

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

8

E2l6seic

1   the view that something may happen that will cause the Republic
2   to pay on the bonds.  Or they may be getting the bond because
3   they believe there should be another exchange offer.  The
4   Republic has lifted the lock law and has already done two
5   exchange offers.  So what you have is people buying those bonds
6   for many different reasons and under this methodology if the
7   judgment is entered, they are part of the class.
8        THE COURT:  I don't see what the relevance of anything
9   that you are speaking of.  What does it matter the motive with
10  which somebody buys a bond?  They buy a bond and if the
11  Republic decided to pay, would the Republic have the right to
12  say, well, what was your motive?  Did you intend to benefit
13  your grandmother or something?  No.  No.
14       MR. BOCCOZI:  That is not the point I was trying to
15  make, your Honor.  The point is if the judgment is entered in
16  June of this year for an amount, and basically it is whatever
17  the amount of the outstanding bond is once you subtract other
18  people litigating, the exchange offer, etc., and there is an
19  exchange offer announced, for example, and there is a person in
20  the class action who wants to exchange, the judgment would be
21  overstated by the amount of that person wanting to exchange or.
22  If they came in and brought their own lawsuit, which we seen
23  happen in both iterations, and the Second Circuit in the second
24  decision said, We cannot enter a judgment and then leave it for
25  a later administration process for us to determine whether the

9

E2l6seic

1    judgment is too big or doesn't match up with who is actually in

2    the class.  What plaintiffs is proposing is just another

3    version of what the Second Circuit said we can't do.

4          THE COURT:  I disagree completely.

5          MS. SCULLION:  Your Honor, I would also disagree.

6          THE COURT:  The thing is what is being done here is

7    to -- I am not granting a motion as to the amount of a

8    judgment.  I am not doing that.  What I am doing is granting a

9    motion, which may assist the proper entry of a judgment or

10   proper entry of judgments; but it is of no avail to have the

11   Republic now saying, You won't enter a proper judgment.  I am

12   not entering a judgment today.

13         MS. SCULLION:  Your Honor, if I may.  The other thing

14   I point out is the reasons why someone does buy a bond is

15   irrelevant as to whether they are entitled to collect on the

16   bond.  Argentina has not contested liability on any of the

17   bonds.  They have no basis to do so.

18         Moreover, we're asking to modify the class, but of

19   course in expanding the class, we also are proposing to allow

20   for an opt-out.  If someone has bought a bond and their

21   intention is, for example, to hold on to it with a possible

22   exchange offer or to bring their own litigation or for some

23   other reason they don't want to be part of the class, they can

24   opt out.  We're not going to be asking for a judgment without

25   giving people the opportunity to opt out first.  Once the opt

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

42

10

E2l6seic

1    out period has run, we know what the class volume is.  It is

2    ascertainable as of that moment.  If someone then buys

3    subsequently, if they buy from someone who didn't opt out, that

4    new person is part of the class.  We cited the cases saying

5    when you transfer a claim that is in a class, it is

6    transferable and that next person becomes part of the class.

7    If that person buys from someone who did opt out of the class,

8    they won't be part of the class.  They have opted out and they

9    can do what they like.

10           Your Honor, this is a situation where Argentina's

11   default status is well known, well publicized worldwide.  The

12   default has been going on obviously for more than a decade.

13   There has been plenty of litigation.  Trading that is happening

14   now would be among very sophisticated buyers.  These are called

15   voucher funds, people who buy defaulted debt.  People who are

16   buying are sophisticated.  They are going to know about this

17   litigation.  We're going to have an opt-out notice out there, a

18   class notice out there.  They are going to understand what the

19   dynamics are.  Do I want to be part of this class?  Do I want

20   to buy bonds that are not part of this class?  Do I want to opt

21   out?  So there is no idea that we'll be forcing people into a

22   judgment who didn't have the opportunity to opt out, didn't

23   have the opportunity to know whether they were buying into the

24   class or not.  All of that is consistent with due process as

25   well as Rule 23.

11
E2l6seic

1          THE COURT:  I am granting both motions and I would

2    appreciate the plaintiffs' submitting on notice a proposed

3    order.

4          Thank you.

5          MR. ZWEIG:  Thank you, your Honor

6                         o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SILVIA SEIJAS, et al,                                  :      04 Civ. 400 (TPG)

                                   Plaintiffs,         :
                                                       :
            -against-                                  :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                   Defendant.   :
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 11% Global Notes due October 9, 2006 (CUSIP/ISIN # US040114AN02) (the

"Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

IT IS HEREBY ORDERED THAT:

1.        The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate

representation) and is ascertainable by reference to objective criteria; and the requirements of

FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and

potential Holder Class members will be protected, by notice and opt out procedures.

2.    The Court therefore GRANTS Plaintiffs' motion to modify the class definition to

encompass, as modified, "all holders of Republic of Argentina 11% Global Notes due October 9,

2006 (CUSIP/ISIN # US040114AN02)," a "holder" being an owner of a beneficial interest in

said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x)

are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings

or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt

out pursuant to the attached procedures also will be excluded from the Holder Class.

3.    The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and

Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
April 24, 2014

Judge Thomas P. Griesa
U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SILVIA SEIJAS, et al,                          :     04 Civ. 401 (TPG)
                                Plaintiffs,    :
                                               :
          -against-                            :
                                               :
THE REPUBLIC OF ARGENTINA,                     :
                                Defendant.     :
----------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #
> DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 7% Global Notes due December 19, 2008 (CUSIP/ISIN # US040114GF14) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

Case 1:04-cv-00401-TPG   Document 128   Filed 04/24/14   Page 2 of 2

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.      The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 7% Global Notes due December 19, 2008 (CUSIP/ISIN # US040114GF14)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.      The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 24, 2014

_Thomas P. Griesa_
Judge Thomas P. Griesa
U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| CESAR RAUL CASTRO, | : | 04 Civ. 506 (TPG) |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC. #:
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 9.75% Global Notes due September 19, 2027 (CUSIP/ISIN # US040114AV28) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.       The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.    The Court therefore GRANTS Plaintiff's motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 9.75% Global Notes due September 19, 2027 (CUSIP/ISIN # US040114AV28)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.    The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 24, 2014

                                        _____
                                        Judge Thomas P. Griesa
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HICKORY SECURITIES LTD.,                    :    04 Civ. 936 (TPG)

                  Plaintiff,    :

                              :

       -against-                          :

                              :

THE REPUBLIC OF ARGENTINA,               :

              Defendant.    :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

      WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 11.75% Global Notes due June 15, 2015 (CUSIP/ISIN # US040114GA27) (the "Holder Class"); and

      WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

      Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

      IT IS HEREBY ORDERED THAT:

      1.     The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.    The Court therefore GRANTS Plaintiff's motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 11.75% Global Notes due June 15, 2015 (CUSIP/ISIN # US040114GA27)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.    The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
April 24, 2014

_____
Judge Thomas P. Griesa
U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIZABETH ANDREA AZZA, et al,                         x    04 Civ. 937 (TPG)
                                    Plaintiffs,       :
                                                      :
        -against-                                     :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                    Defendant.        :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/24/2014
```

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

    WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the

existing class definition to encompass, as modified, a class consisting of all holders of Republic

of Argentina 11% Global Notes due December 4, 2005 (CUSIP/ISIN # US040114AZ32) (the

"Holder Class"); and

    WHEREAS, the motion was fully briefed and a conference was held on February 21,

2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina")

appeared and had further opportunity to address the motion;

    Now, therefore, the Court, having considered all papers, arguments, and proceedings had

herein;

    IT IS HEREBY ORDERED THAT:

    1.      The Court finds:  There is good and sufficient cause to modify the existing class

definition to encompass the Holder Class; modification of the class definition will serve the

interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.    The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 11% Global Notes due December 4, 2005 (CUSIP/ISIN # US040114AZ32)," a "holder" being an owner of a beneficial interest in said bonds. Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.    The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
April 24, 2014

Judge Thomas P. Griesa
U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH ANDREA AZZA, et al.,                    :    04 Civ. 1085 (TPG)
                                    Plaintiffs,   :
                                                  :
          -against-                               :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                    Defendant.    :
------------------------------------------------------------x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 4/24/2014            │
└─────────────────────────────────┘
```

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiffs moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina 8.375% Global Notes due December 20, 2003 (CUSIP/ISIN # US040114AH34) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiffs and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the

1

requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate representation) and is ascertainable by reference to objective criteria; and the requirements of FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and potential Holder Class members will be protected, by notice and opt out procedures.

2.     The Court therefore GRANTS Plaintiffs' motion to modify the class definition to encompass, as modified, "all holders of Republic of Argentina 8.375% Global Notes due December 20, 2003 (CUSIP/ISIN # US040114AH34)," a "holder" being an owner of a beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished. Holders that timely opt out pursuant to the attached procedures also will be excluded from the Holder Class.

3.     The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April ___, 2014

                                        _____
                                            Judge Thomas P. Griesa
                                                  U.S.D.J.

Case 1:04-cv-02117-TPG   Document 124   Filed 04/24/14   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDUARDO PURICELLI,                              :    04 Civ. 2117 (TPG)
                                  Plaintiff,    :
                                                :
              -against-                         :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                  Defendant.    :
------------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FI[LED]
> DOC #: _____
> DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the
existing class definition to encompass, as modified, a class consisting of all holders of Republic
of Argentina 12.375% Global Notes due February 21, 2012 (CUSIP/ISIN # US040114GD65)
(the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21,
2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina")
appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had
herein;

IT IS HEREBY ORDERED THAT:

1.        The Court finds:  There is good and sufficient cause to modify the existing class
definition to encompass the Holder Class; modification of the class definition will serve the
interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the
requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate

1

representation) and is ascertainable by reference to objective criteria; and the requirements of

FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and

potential Holder Class members will be protected, by notice and opt out procedures.

     2.     The Court therefore GRANTS Plaintiff's motion to modify the class definition to

encompass, as modified, "all holders of Republic of Argentina 12.375% Global Notes due

February 21, 2012 (CUSIP/ISIN # US040114GD65)," a "holder" being an owner of a beneficial

interest in said bonds.  Excluded from the Holder Class are all holders to the extent that their

holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to collect on

such holdings or (y) have been exchanged for new bonds or otherwise extinguished.  Holders

that timely opt out pursuant to the attached procedures also will be excluded from the Holder

Class.

     3.     The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and

Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
      April 24, 2014

                                  Judge Thomas P. Griesa
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUBEN DANIEL CHORNY,                          :    04 Civ. 2118 (TPG)
                                  Plaintiff,  :
                                              :
          -against-                           :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                  Defendant.  :
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014

ORDER GRANTING MOTION TO
MODIFY CLASS DEFINITION AND CERTIFYING MODIFIED CLASS

WHEREAS, the Plaintiff moved pursuant to FED. R. CIV. P. 23(c)(1)(C) to modify the existing class definition to encompass, as modified, a class consisting of all holders of Republic of Argentina Floating Rate L+0.8125 Global Notes due March, 2005 (CUSIP/ISIN # XS0043120582) (the "Holder Class"); and

WHEREAS, the motion was fully briefed and a conference was held on February 21, 2014 at which counsel for Plaintiff and counsel for the Republic of Argentina ("Argentina") appeared and had further opportunity to address the motion;

Now, therefore, the Court, having considered all papers, arguments, and proceedings had herein;

IT IS HEREBY ORDERED THAT:

1.      The Court finds:  There is good and sufficient cause to modify the existing class definition to encompass the Holder Class; modification of the class definition will serve the interests of justice and will not prejudice Argentina or any holder; the Holder Class satisfies the requirements of Rule 23 (including numerosity, commonality, typicality, and fair and adequate

1

representation) and is ascertainable by reference to objective criteria; and the requirements of

FED. R. CIV. P. 23(b)(3) and 23(c)(2)(B) will be satisfied, and Due Process rights of actual and

potential Holder Class members will be protected, by notice and opt out procedures.

2.     The Court therefore GRANTS Plaintiff's motion to modify the class definition to

encompass, as modified, "all holders of Republic of Argentina Floating Rate L+0.8125 Global

Notes due March, 2005 (CUSIP/ISIN # XS0043120582)," a "holder" being an owner of a

beneficial interest in said bonds.  Excluded from the Holder Class are all holders to the extent

that their holdings (x) are the subject of a separately pending lawsuit or claim in arbitration to

collect on such holdings or (y) have been exchanged for new bonds or otherwise extinguished.

Holders that timely opt out pursuant to the attached procedures also will be excluded from the

Holder Class.

3.     The Court hereby appoints Proskauer Rose LLP, Diaz Reus & Targ LLP, and

Saul Roffe as co-Class Counsel for the Holder Class.

Dated: New York, New York
       April 24, 2014

                                        Judge Thomas P. Griesa
                                        U.S.D.J.